**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN LEE, Individually and on Behalf of All Others Similarly Situated, | No. 1:20-cv-1830-LDH |
| Plaintiff, | |
| v. | |
| IQIYI, INC., YU GONG, and XIADONG WANG, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CHIHA AND SHAH FAMILY GROUP FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF SELECTION OF COUNSEL**

Date of Service (via ECF):
June 15, 2020

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ......................................................................................... 1

II.     PROCEDURAL BACKGROUND.................................................................................... 2

III.    STATEMENT OF FACTS ............................................................................................... 2

IV.     ARGUMENT.................................................................................................................... 3

        A.      Movants Should Be Appointed Lead Plaintiff........................................................ 3

                1.      The Procedure Required by the PSLRA ...................................................... 3

                2.      Movants Satisfy the Lead Plaintiff Requirements of the PSLRA............... 4

                        a)      Movants Timely Moved for Appointment as Lead Plaintiff .......... 4

                        b)      Movants Have the Largest Financial Interest in the ....................... 5

                        Relief Sought by the Class............................................................................ 5

                        c)      Movants Otherwise Satisfies the Requirements of Rule 23............ 5

        B.      The Court Should Approve Movants' Choice of Counsel...................................... 7

V.      CONCLUSION................................................................................................................. 8

Proposed Lead Plaintiff Antoine Chiha, Vinod and Pareesha Shah Irrevocable Trust, Hetal Shah, and Dharti Shah ("Movants") submit this memorandum of law in support of the motion for: (i) appointment of Movants as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) and approval of Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

## I.     PRELIMINARY STATEMENT

The above-captioned action is to the best of Movants' knowledge, the only federal securities class action lawsuits brought in this district against iQIYI, Inc. ("iQIYI" or the "Company") and the Individual Defendants (Yu Gong and Xiaodong Wang) for violations of Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5) concerning the publicly traded securities of the Company, which trade on the NASDAQ under the symbol "IQ."[1]   The Action was brought on behalf of a class consisting of all those who purchased or otherwise acquired Company securities from March 29, 2018 through April 7, 2020, both dates inclusive (the "Class Period"), and who were damaged thereby (the "Class").

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. § 78u-4(a)(3)(B)(i).  Movants should be appointed as Lead Plaintiffs because, to the best of counsel's

---

[1] An additional case has been filed against the same defendants in the Northern District of California ("*Jenkins*"), which has a pending motion to transfer to this District. Another action was pending in the Southern District of New York ("*Shiferaw*"), but it was voluntarily dismissed on June 15, 2020.

knowledge: (1) Movants have the largest financial interest in the relief sought by the Class because Movants acquired Company securities and suffered at least $153,246 in losses as a result of Defendants' misconduct (*see* Guiney Decl., Ex. 3); and (2) Movants' claims are typical of the claims of the Class and Movants will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movants' selection of Wolf Haldenstein as Lead Counsel for the Class should be approved because the firm is eminently qualified and highly experienced in complex securities class actions and has the experience and resources to efficiently prosecute this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Exchange Act clearly provides that movants need not file their own complaint to serve as lead plaintiffs. Rather, lead plaintiffs are any members of the putative class who has "either filed the complaint or made a motion in response to notice under subparagraph (A)(i)." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus, Movants are a proper and timely movant to serve as lead plaintiff under the express terms of the Exchange Act.

## II.     PROCEDURAL BACKGROUND

On April 16, 2020, this Action was filed in this Court alleging, *inter alia*, violations of the Exchange Act on behalf of all persons and entities, other than Defendants and their affiliates, who had purchased securities during the Class Period and who were damaged thereby. On the same day, counsel for plaintiff published notice of pendency of the class action, advising members of the proposed Class of their right to move this Court to serve as lead plaintiff no later than 60 days from the date of publication (by June 15, 2020). *See* Guiney Decl., Ex. 1.

## III.    STATEMENT OF FACTS

The Action alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as SEC Rule 10b-5, by making materially false and misleading statements and material omissions. Specifically, the Action alleges that Defendants made false and/or

misleading statements and/or failed to disclose that: (1) iQIYI inflated its revenue figures; (2) iQIYI inflated its user numbers; (3) iQIYI inflated its expenses to cover up other fraud; and (4) as a result, Defendants' public statements were materially false and misleading at all relevant times. ¶ 34.[2]

On April 7, 2020, during market hours, Wolfpack Research released a report detailing, among other things, how iQIYI had misled investors and failed to disclose pertinent information including: (i) iQIYI overstating its user numbers; (ii) iQIYI inflating its revenues; (iii) iQIYI inflating expenses and prices of assets to conceal its revenue inflation; and (iv) iQIYI misleading financial reporting creating the appearance of a cash generative company. ¶ 35.

On this news, iQIYI ADSs fell $0.99 per share over the rest of the trading day and the next full trading day, or 5.6%, to close at $16.51 per share on April 8, 2020, damaging investors. ¶ 42.

## IV.    ARGUMENT

### A.    Movants Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA governs the appointment of lead plaintiffs in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On April 16, 2020, notice was published on Business Wire triggering the requirements of the PSLRA. *See* Guiney Decl., Ex. 1.

---

[2] "¶ _" are references to the specific paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws filed in this Action. ECF No. 1.

Second, within 60 days after publication of the first notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not he or she has previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  That period of time expires on June 15, 2020.

Third, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by class members and shall appoint as lead plaintiffs the members of the class who the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
    (aa)    has either filed the complaint or made a motion in response to a notice . . ;
    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2.    Movants Satisfy the Lead Plaintiff Requirements of the PSLRA

### a)    Movants Timely Moved for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA, Movants have timely moved to be appointed Lead Plaintiff within the requisite time frame on behalf of all members of the Class.  Movants have duly signed and filed a certification stating Movants' willingness to serve as a representative party on behalf of the Class.  *See* Guiney Decl., Ex. 2.  In addition, Movants have selected and retained experienced and competent counsel to represent Movants and the Class.  *See* Guiney Decl., Ex. 4.

As Movants have filed the motion by the statutory deadline, Movants are entitled to be considered for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

4

          **b)**       **Movants Have the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court must appoint as Lead Plaintiff the Class member or members who represent the largest financial interest in the relief sought by the action. During the Class Period, Movants suffered losses of approximately $153,246.11 based on Class Period purchases of Company securities and as a result of Defendants' misconduct. *See* Guiney Decl., Ex. 3. Therefore, Movants have a significant financial interest in this case. Movants have not received notice of any other applicant having a greater financial interest in the Actions. Accordingly, Movants should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B).

          **c)**       **Movants Otherwise Satisfy the Requirements of Rule 23**

In addition to possessing a significant financial interest, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party is typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of these four prerequisites, only two – typicality and adequacy – impact the analysis of competing motions for appointment as lead plaintiff. *See City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Gp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (quotation omitted). Movants must only make a preliminary showing to satisfy the Rule 23 typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc, Sec. Litig.*, 232 F.R.D. 95, 102

(S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

The Rule 23(a) typicality requirements are satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the claims of other class members, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. However, Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*. Movants easily satisfy this requirement. As with every other member of the Class, Movants purchased Company securities at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Movants' claims therefore arise from the same circumstances as those of all other Class members and may be proven based on the same legal theories as those the absent Class members could use to prove Defendants' liability. In that regard, Movants are identical to all other members of the Class.

Movants easily satisfy this requirement. Like all members of the Class, Movants held Company securities during the Class Period, and have suffered damages from Defendants' false and misleading statements and omissions contained in the Company's public statements and SEC filings. Movants' substantial financial interest indicates an incentive to vigorously represent the Class's claims. Because the claims asserted by Movants are based on the same legal theories as the Class, the "injury to the named plaintiff and the conduct affecting the class" is essentially identical. *Id.* Accordingly, the typicality requirement is met here.

In addition, Movants must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This adequacy requirement is satisfied where movants demonstrate that: (1) they have "the ability and incentive to represent the claims of the class vigorously;" (2) they have

6

"obtained adequate counsel;" and (3) there is no "conflict between [the movants] claims and those asserted on behalf of the class." *City of Monroe Employees' Ret. Sys*, 269 F.R.D. at 297. To demonstrate adequacy, Movants points to the damages suffered as a result of their purchases of Company securities based on false and misleading statements and omissions contained in the Company's public statements and SEC filings. Movants are business people and typical investors, for example, Mr. Chiha is a dentist from Staten Island, New York and Mr. Shah is a retired engineer from Belvidere, Illinois. Movants are undoubtedly an adequate lead plaintiff because Movants' interests in aggressively pursuing the claims against Defendants are aligned with the interests of the members of the Class who were similarly harmed. Additionally, no evidence of conflict between the interests of Movants and the Class exists, and there is nothing to indicate that Movants will do anything but vigorously pursue the claims on behalf of the Class. Rather, Movants have expressed in the Certification their willingness to represent the Class as Lead Plaintiffs. *See* Guiney Decl., Ex. 2.

Moreover, as demonstrated below, Movants have selected and retained competent, experienced counsel that is indisputably qualified to conduct this complex litigation in an efficient, effective, and professional matter. Lastly, Movants are not subject to unique defenses and there is no evidence that Movants seeks anything other than the greatest recovery for the Class consistent with the merits of the claims.

Accordingly, Movants satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. The Court Should Approve Movants' Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. Movants have selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class. Wolf

7

Haldenstein has more than four decades of extensive experience in successfully prosecuting complex securities class actions and has frequently served as lead counsel in major actions in this and other courts. *See* Guiney Decl., Ex. 4. Wolf Haldenstein is unquestionably qualified to serve as Lead Counsel for the Class, and will provide the Class with the highest caliber of legal representation.

As there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy – this Court should appoint Movants as Lead Plaintiff and approve Movants' selection of Wolf Haldenstein as Lead Counsel for the Class.

## V.    CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (1) appoints Movants as Lead Plaintiffs in this action; (2) approves Movants' selection of Wolf Haldenstein as Lead Counsel for the Class; and (3) grants such other relief as the Court may deem just and proper.

DATED: June 15, 2020                                RESPECTFULLY SUBMITTED,

                                                       /s Matthew M. Guiney_____
                                                    Matthew M. Guiney
                                                    Kevin G. Cooper
                                                    **WOLF HALDENSTEIN ADLER**
                                                    **FREEMAN & HERZ LLP**
                                                    270 Madison Avenue
                                                    New York, New York 10016
                                                    Tel.: (212) 545-4600
                                                    Fax: (212) 686-0114
                                                    guiney@whafh.com
                                                    kcooper@whafh.com

                                                    *Counsel for Movants and*
                                                    *Proposed Lead Counsel*

8