UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>IQIYI, INC., YU GONG, and XIAODONG WANG,<br><br>      Defendants. | Case No. 1:20-cv-01830-LDH-JO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAE KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date of Service: June 15, 2020<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   FACTUAL BACKGROUND .....................................................................................3

III.  PROCEDURAL HISTORY........................................................................................4

IV.   ARGUMENT .............................................................................................................4

      A.    Movant Should Be Appointed Lead Plaintiff ..............................................4

            1.    Movant's Motion is Timely ..............................................................5

            2.    Movant has the Largest Financial Interest in the Relief Sought by the Class...........................................................................5

            3.    Movant Otherwise Satisfies the Requirements of Rule 23 ............6

      B.    The Court Should Approve Movant's Selection of Counsel ..................7

V.    CONCLUSION...........................................................................................................8

010919-11/1300615 V2

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y.2009) ...................................................................................6

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ....................................................................................5

*Francisco v. Abengoa, S.A.*,
2016 WL 3004664 (S.D.N.Y. May 24, 2016) ..............................................................6

*Fries v. N. Oil & Gas, Inc.*,
2017 WL 1880819 (S.D.N.Y. May 8, 2017) ................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) .................................................................................7

*Moshell v. Sasol Ltd.*,
2020 WL 2115410 (S.D.N.Y. May 4, 2020) ..........................................................2, 8

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015)..........................................................................7

*In re SLM Corp. Sec. Litig.*,
2009 WL 969934 (S.D.N.Y. Apr. 1, 2009)...................................................................6

*Xu v. Gridsum Holding, LLC*,
2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018)..............................................................5

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(A)..................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(i) .........................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................7

010919-11/1300615 V2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ...............................................................................................1, 2, 5, 6

010919-11/1300615 V2

Dae Kim ("Mr. Kim" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.     INTRODUCTION

The above-captioned federal securities class action[1] alleges that Defendants made materially false and misleading statements or omissions between March 29, 2018 and April 7, 2020 ("Class Period") concerning the Company's business, operations and prospects. These facts give rise to claims against Defendants under the Securities Exchange Act of 1934, which are governed by the PSLRA.

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant fully understands his duties and responsibilities to the class, and is willing and able to oversee the vigorous prosecution of this action. Here, Mr. Kim respectfully submits that

---

[1] *Lee v. iQIYI, Inc., et al.*, No. 1:20-cv-01830-LDH-JO (E.D.N.Y. Apr. 16, 2020) ("Lee Compl.").

- 1 -

he is the "most adequate plaintiff" under the PSLRA's provisions and should be appointed Lead Plaintiff. Movant believes that he has the largest financial interest in this action by virtue of his substantial investments in iQIYI, Inc. ("iQIYI" or the "Company") throughout the Class Period. As described in the certification and loss chart attached to the Declaration of Lucas E. Gilmore in Support of Motion to Appoint Dae Kim as Lead Plaintiff and to Approve His Selection of Lead Counsel at Exs. A and B ("Gilmore Decl."), Mr. Kim expended $369,995.88 purchasing 10,644 IQ ADS on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $166,047.92.

In addition to asserting the largest financial interest in this litigation, Mr. Kim also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Mr. Kim fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *See* Movant's Certification, Gilmore Decl., Ex. A.

Mr. Kim has also demonstrated his adequacy through his selection of Hagens Berman as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors. Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions, including in this District. *See* Hagens Berman's Firm Résumé, Lucas Decl., Ex. D; *Moshell v. Sasol Ltd*., No. 1:20-cv-01008-JSR, 2020 WL 2115410, at *3 (S.D.N.Y. May 4, 2020).

010919-11/1300615 V2

Accordingly, based on Movant's significant financial interest and his commitment and ability to oversee this action, Mr. Kim respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    FACTUAL BACKGROUND

iQIYI is an online entertainment service based in China. Its American Depository Shares ("ADS") trade on NASDAQ.

The complaint alleges that Defendants misrepresented and concealed material facts about iQIYI's business and financial performance. Specifically, the complaint alleges that Defendants inflated iQIYI's revenue figures, user numbers and operational expenses to cover up other fraud.

The complaint alleges that investors began to learn the truth on April 7, 2020, when Wolfpack Research published a report entitled, "iQIYI: The Netflix of China? Good Luckin." According to Wolfpack, the Company was committing fraud well before its 2018 IPO and has continued to do so ever since. Wolfpack estimated that (a) iQIYI inflated its 2019 revenue by 27% - 44%, (b) overstated its user numbers by 42% - 60%, and then (c) inflated its expenses, the prices it pays for content, and other assets and acquisitions in order to burn off fake cash to hide the fraud from its auditors and investors. In addition, according to Wolfpack "[a]rguably one of the most egregious examples of accounting fraud IQ commits is the inflation of barter revenue" whereby barter sublicensing revenues are determined by internal estimates of the value of traded content, allowing management to unilaterally assign inflated values to the transactions.

This news drove the price of IQ ADSs sharply lower during intraday trading on April 7, 2020.

- 3 -

010919-11/1300615 V2

### III.     PROCEDURAL HISTORY

On April 16, 2020, Jean Lee, a holder of IQ, filed the instant action against Defendants on behalf of all investors who purchased IQ ADSs between March 29, 2018, and April 7, 2020.

Thereafter, on April 17, 2020, a second investor filed an action in the Southern District of New York, alleging virtually identical claims. *See Shiferaw v. Iqiyi, Inc., et al.*, 20-cv-3115 (S.D.N.Y.) (Cote, J.) (the "Southern District of New York Action"). On June 5, 2020, Defendants filed a motion in the Southern District of New York Action to transfer venue to the Eastern District of New York, where this action is pending. *Id*. at ECF No. 14. The Southern District of New York Action, however, was voluntarily dismissed on June 15, 2020.  *Id*. at ECF No. 17.

Further, on April 27, 2020 a third investor filed an action in the Northern District of California, asserting the same claims as the instant case, as well as claims under Sections 11 and 15 of Securities Act of 1933, based on the same alleged misstatements in IQ's offering documents for its initial public offering. *Jenkins v. Iqiyi, Inc*., 20-cv-2882 (N.D. Cal.) (Hamilton, J.) (the "Northern District of California Action").  On June 5, 2020, Defendants filed a motion in the Northern District of California Action to transfer venue to the Eastern District of New York. *Id*. at 16.

### IV.     ARGUMENT

### A.     Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest

- 4 -

financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.      Movant's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On April 16, 2020, the above-captioned action was filed in this District. The same day, a notice of pendency of the above-captioned action was published on *Business Wire*, alerting investors that the deadline to seek Lead Plaintiff status is June 15, 2020. *See* Notice of Pendency, Gilmore Decl., Ex. C. Accordingly, Movant satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2.      Movant has the Largest Financial Interest in the Relief Sought by the Class

"In determining which plaintiff has the greatest financial interest in the outcome of a securities litigation, courts have looked to four factors: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered' . . . ." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005); *Xu v. Gridsum Holding, LLC*, No. 1:18-cv-03655-ER, 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018).

During the Class Period, Mr. Kim expended $369,995.88 purchasing 10,644 iQIYI shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $166.047.92. *See* Movant's Certification and Loss Chart, Gilmore Decl., Exs. A, B. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

- 5 -

### 3.    Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met." *Francisco v. Abengoa, S.A.*, No. 1:15-cv-06279-ER, 2016 WL 3004664, at *6 (S.D.N.Y. May 24, 2016) (*quoting Faig v. BioScrip, Inc.*, No. 1:13-cv-06922-AJN, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013)). "Rather, '[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Id*. (internal citations omitted).

"The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues. In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *In re SLM Corp. Sec. Litig.*, No. 1:08-cv-01029-WHP, 2009 WL 969934, at *3 (S.D.N.Y. Apr. 1, 2009). At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only "make a preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23]." *Id*.

Here, Movant satisfies the typicality requirement because Movant's claims arise from the same course of events and he makes similar legal arguments to prove Defendants' liability as the other putative class members. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y.2009). "Like the other members of the class, [Mr. Kim] seeks recovery for losses incurred as a result of defendants' alleged misrepresentations and omissions

- 6 -

with respect to the [problems at the Project], whose revelation resulted in declines in the price of [IQ] securities." *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015).

Likewise, Mr. Kim satisfies the adequacy requirement. Mr. Kim has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. *See* Gilmore Decl., Ex. D. There is no evidence of antagonism or conflict between the Mr. Kim's interests and the interests of the Class. Additionally, Mr. Kim has submitted a signed Certification demonstrating the significant losses he has incurred and his sufficient interest in the outcome of this litigation, which will ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Ex. A.

**B.      The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *see also Fries v. N. Oil & Gas, Inc.*, No. 1:16-cv-06543-ER, 2017 WL 1880819, at *4 (S.D.N.Y. May 8, 2017) (*citing Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)). Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d at 625 (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

010919-11/1300615 V2

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Gilmore Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See* Ex. D at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, including in this District. *See* Ex. D at page 32. *See also Moshell v. Sasol Ltd*., No. 20-CV-1008 (JSR), 2020 WL 2115410, at *3 (S.D.N.Y. May 4, 2020) ("Here, Hagens Berman's resume demonstrates that it possesses experience litigating securities class actions and has had success in these matters in the past. This demonstrates that the firm is experienced and competent such that approval is warranted.") (internal citation omitted). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: June 15, 2020                   Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  */s/ Jason A. Zweig*
    JASON A. ZWEIG, JZ-8107
555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

- 8 -

010919-11/1300615 V2

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff
Dae Kim*

- 9 -

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG

- 10 -

010919-11/1300615 V2