**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN LEE, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IQIYI, INC., YU GONG, and XIAODONG WANG,<br><br>Defendants. | Case No.: 1:20-cv-01830 -LDH<br><br>Hon. LaShann DeArcy Hall |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE IQ INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ................................................................................................ 2

II.    PROCEDURAL HISTORY ............................................................................................... 3

III.   ARGUMENT ................................................................................................................... 4

    A.     Appointing the IQ Investor Group as Lead Plaintiff Is Appropriate .............................. 4

        1.   The IQ Investor Group Filed a Timely Motion. ........................................................... 5

        2.   The IQ Investor Group Has the Largest Financial Interest. ....................................... 6

        3.   The IQ Investor Group Satisfies the Relevant Requirements of Rule 23. .................. 7

            a.   The IQ Investor Group's Claims Are Typical. .................................................... 8

            b.   The IQ Investor Group Is an Adequate Representative. ..................................... 8

    B.     Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................... 10

IV.   CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001)..................................................................................... 10

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................... 7, 8

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
  No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4,
  2016) ............................................................................................................................ 6

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................. 7

*Francisco v. Abengoa, S.A.*,
  No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .................. 10

*Inchen Huang v. Depomed, Inc.,*
  289 F. Supp. 3d 1050 (N.D. Cal. 2017) .................................................................. 11

*Isaacs v. Musk*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ......... 10

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ............. 7, 8

*Levin v. Res. Capital Corp.*,
  No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ................. 11

*Polat v. Regulus Therapeutics, Inc.*,
  No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017).. 11

*Pope v. Navient Corp.*,
  No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018)............ 11

*In re Tesla, Inc. Sec. Litig.*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018)........... 10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................... 5, 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 8

**Statutes**

15 U.S.C. § 77z-1(a)(3)......................................................................................... passim

15 U.S.C. § 78u-4(a)(3) ........................................................................................ passim

**Rules**

FED. R. CIV. P. 23 .................................................................................................. passim

Glenn Wenger, Young K. Han, and Michael Safari, on behalf of Safari Enterprises, Inc. (collectively, the "IQ Investor Group" or "Movant") respectfully submit this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 and Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of (a) iQIYI American Depositary Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or about March 29, 2018 (the "IPO" or "Offering"); or (b) iQIYI securities between March 29, 2018, and April 7, 2020, both dates inclusive (the "Class Period") concerning claims under Section 11 of the Securities Act of 1933 (the "Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), against defendants iQIYI, Yu Gong ("Gong"), Xiaodong Wang ("Wang"), Robin Yanhong Li ("Li") , Qi Lu ("Lu"), Herman Yu ("Yu"), Xuyang Ren ("Ren"), Victor Zhixiang Liang ("Liang"), and Chuan Wang ("Wang") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. The IQ Investor Group believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, the IQ Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members'

1

claims and it will fairly and adequately represent the interests of the Class. In addition, the IQ Investor Group's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.    FACTUAL BACKGROUND[1]

iQIYI, "the Netflix of China," purports to be an innovative market-leading online entertainment service in China. ¶ 8.

On February 27, 2018, iQIYI filed with the SEC a Registration Statement on Form F-1, which in combination with subsequent amendments of Forms F-1/A and filed pursuant to Rule 424(b)(4), would be used for the IPO. ¶ 15. On March 29, 2018, iQIYI filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus"), which forms part of the Registration Statement. ¶ 16. The Company offered approximately 125 million American Depositary Shares ("ADSs") to the investing public at $18.00 per share, raising approximately $2.25 billion. ¶ 2.

Throughout the Class Period, the Company issued statements that were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) iQIYI inflated its revenue figures; (2) iQIYI inflated its user numbers; (3) iQIYI inflated its expenses to cover up other fraud; and (4) as

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Lee* Complaint") filed in the Action entitled *Lee v. iQIYI, Inc., et al.,* Case No. 1:20-cv-01830-LDH (the "*Lee* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Lee* Complaint. The facts set forth in the *Lee* Complaint are incorporated herein by reference.

a result, Defendants' public statements were materially false and misleading at all relevant times. ¶ 34.

The truth emerged on April 7, 2020 when Wolfpack Research released a report detailing, among other things, how iQIYI had misled investors and failed to disclose pertinent information generally and in its Registration Statement, including: (i) iQIYI overstating its user numbers; (ii) iQIYI inflating its revenues; (iii) iQIYI inflating expenses and prices of assets to conceal its revenue inflation; and (iv) iQIYI misleading financial reporting creating the appearance of a cash generative company. ¶ 35.

The Report summarized its findings as:

> Our research shows us that ***iQIYI, Inc. ("IQ") was committing fraud well before its IPO in 2018 and has continued to do so ever since.*** Like so many other China-based companies who IPO with inflated numbers, IQ is unable to legitimately grow their business enough to true up their financial statements. ***We estimate IQ inflated its 2019 revenue by approximately RMB 8-13 billion, or 27%-44%.***
>
> ***IQ does this by overstating its user numbers by approximately 42%-60%. Then, IQ inflates its expenses, the prices it pays for content, other assets and acquisitions in order to burn off fake cash to hide the fraud from its auditor and investors.***

(Emphasis added.) ¶ 36.

On this news, iQIYI ADSs fell $0.99 per share over the rest of the trading day and the next full trading day, or 5.6%, to close at $16.51 per share on April 8, 2020, damaging investors. ¶ 42.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II.    PROCEDURAL HISTORY

Pending before this Court is a class action (the "Action") against the Defendants. Plaintiff Jean Lee ("Lee") commenced the first filed action against iQIYI on April 16, 2020. On that same

3

day, counsel acting on Lee's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the above-captioned Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of the IQ Investor Group's Motion ("Hopkins Decl.").

Subsequent to the filing of the *Lee* Action, two similar actions were filed, one in the Southern District of New York on April 17, 2020, bearing the docket number 1:20-cv-03115 and captioned *Shiferaw v. iQIYI, Inc.* (the "*Shiferaw* Action"), and the other in the Northern District of California on April 27, 2020, bearing the docket number 3:20-cv-02882 and captioned *Jenkins v. iQIYI, Inc.* (the "*Jenkins* Action"). The IQ Investor Group is also filing motions to be appointed lead plaintiff in the *Shiferaw* and *Jenkins* Actions

## III.    ARGUMENT

### A.    Appointing the IQ Investor Group as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the IQ Investor Group satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. The IQ Investor Group has, to the best of its knowledge, the largest financial interest in this litigation—having lost $519,253.09 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, the IQ Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the IQ Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.  The IQ Investor Group Filed a Timely Motion.

On April 16, 2020 pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Lee published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of iQIYI securities that they had 60 days from the publication of the April 16, 2020 notice to file a motion to be appointed as lead plaintiff. *See*

Press Release, Ex. C to Hopkins Decl.; *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement).

The IQ Investor Group timely filed its motion within the 60-day period following publication of the April 16, 2020 Press Release, submitted herewith sworn certifications attesting that it is willing to serve as a representative of the Class and attaching its transactions in iQIYI securities. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, the IQ Investor Group satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. The IQ Investor Group Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the IQ Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

The IQ Investor Group purchased iQIYI securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, the IQ Investor Group suffered an approximate loss of $519,253.09. *See* Hopkins Decl., Ex. B. The IQ Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, the IQ Investor Group believes that it has the "largest financial interest in the relief

6

sought by the Class." Thus, the IQ Investor Group satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.    The IQ Investor Group Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, the IQ Investor Group need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.    The IQ Investor Group's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

The IQ Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the IQ Investor Group alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning iQIYI's business, operations and prospects, violated the federal securities laws. The IQ Investor Group, like all members of the Class, purchased iQIYI securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, the IQ Investor Group's interests and claims are "typical" of the interests and claims of the Class.

### b.    The IQ Investor Group Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. The IQ Investor Group has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and the IQ Investor Group's

8

financial losses ensure that it has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, the IQ Investor Group is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Further, as detailed in the IQ Investor Group's Joint Declaration, Hopkins Decl., Ex. E the IQ Investor Group is comprised of sophisticated investors with substantial experience investing in capital markets that are committed to managing the Action. *Id*. ¶¶ 3-5. For example, Mr. Wenger is a dentist and has been investing in the markets for thirty-five years. *Id*. at ¶ 3. Similarly, Messsrs. Han and Safari both own their own companies and have been investing in the markets for fifteen and thirty-five years, respectively. *Id*. at ¶ 4-5. The three members of the IQ Investor Group have a combined 85 years of investing experience and are precisely the type of sophisticated lead plaintiff Congress intended to lead securities class actions when it enacted the PSLRA.

Moreover, before moving for lead plaintiff, the members of the IQ Investor Group jointly communicated where they discussed their duties under the PSLRA and commitment to vigorously litigating the Actions. *Id.* at ¶ 10.  In order to effectively manage the litigation, the IQ Investor Group has agreed to hold regular joint calls to discuss any developments in the Action. *Id*. at ¶ 15. The IQ Investor Group members have committed to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy. *Id*. at ¶ 13. To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Actions. *Id*. at ¶ 15.

Accordingly, at this stage of the proceedings, the IQ Investor Group has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

9

In addition, because the IQ Investor Group has sustained the largest amount of losses from defendants' alleged wrongdoing, it is the presumptive lead plaintiff in accordance with § 77z-1(a)(3)(B)(iii)(I) and § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Consolidated Action.

**B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the IQ Investor Group has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this

10

Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Inchen Huang v. Depomed, Inc.,* 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same). Thus, the Court may rest assured that by granting the IQ Investor Groups' Motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, the IQ Investor Group respectfully requests the Court grant his Motion and enter an Order: (1) appointing the IQ Investor Group as lead plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

11

Dated: June 15, 2020                          Respectfully Submitted,

                                              **LEVI & KORSINSKY, LLP**

                                              By:  /s/ *Shannon L. Hopkins*
                                              Shannon L. Hopkins (SH-1887)
                                              1111 Summer Street, Suite 403
                                              Stamford, CT 06905
                                              Tel.: (203) 992-4523
                                              Email: shopkins@zlk.com

                                              *Lead Counsel for the IQ Investor Group and*
                                              *[Proposed] Lead Counsel for the Class*