# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN LEE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IQIYI, INC., YU GONG, and XIAODONG WANG,<br><br>    Defendants. | Case No.: 1:20-cv-01830 -LDH<br><br>Hon. LaShann DeArcy Hall |

**THE IQ INVESTOR GROUP'S JOINT DECLARATION IN SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>**

We, the undersigned, pursuant to 28 U.S.C. § 1746 declare as follows:

1.      We, Glenn Wenger, Young K. Han, and Michael Safari, on behalf of Safari Enterprises, Inc., (collectively, the "IQ Investor Group") respectfully submit this Joint Declaration in support of our motion for appointment as lead plaintiff and approval of selection of counsel in the instant class action (the "Action") on behalf of all investors who purchased or otherwise acquired: (a) iQIYI, Inc. ("iQIYI" or the "Company") American Depositary Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or about March 29, 2018 (the "IPO" or "Offering"); or (b) iQIYI securities between March 29, 2018, and April 7, 2020, both dates inclusive (the "Class Period").

2.      We are each informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Each of us has personal knowledge about the information in this Joint Declaration relating to ourselves, and if called as witnesses, we each could testify competently thereto.

3.      I, Glenn Wenger, as reflected in my Certification, purchased iQIYI securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I consider myself to be a sophisticated investor with over thirty-five years of investing experience. I reside in Chester Springs, Pennsylvania and am employed as a Dentist, with a DMD in Dentistry. After due consideration, I decided to join in and seek appointment as lead plaintiff with Young K. Han, and Michael Safari.

4.      I, Young K. Han, as reflected in my Certification, purchased iQIYI securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I consider myself to be a sophisticated investor with over fifteen years of investing experience. I currently reside in San Benito, California and am self-employed, owning my own kitchen and bath cabinet company named NIVIYA, Inc.. After due consideration, I decided to join in and seek appointment as lead plaintiff with Glenn Wenger and Michael Safari.

5.      I, Michael Safari, on behalf of my real estate company Safari Enterprises, Inc, of which I am owner and president, and duly authorized to act, as reflected in my Certification, purchased iQIYI securities  during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this Action. I am motivated to recover this loss for Safari Enterprise's benefit and the benefit of all members of the Class. I consider myself to be a sophisticated investor with approximately thirty-five years of investing experience. I am currently employed as the president of Safari Enterprises, a real estate company located in Johns Creek, Georgia. I have a master's degree in Economics. After due consideration, I decided to join in and seek appointment as lead plaintiff with Genn Wenger and Young K. Han.

6.      On April 16, 2020, a securities class action was filed in the U.S. District Court for the Eastern District of New York captioned *Lee v. iQIYI, Inc, et al.,* Case No. 1:20-cv-01830 (the "*Lee* Action") alleging a Class Period of March 29, 2018 through April 7, 2020, inclusive.

7.      On April 17, 2020, a substantially similar securities class action was filed in

2

the U.S. District Court for the Southern District of New York captioned *Shiferaw v. iQIYI, Inc, et al.,* Case No. 1:20-cv-03115 (the "*Shiferaw* Action") alleging the same Class Period as the *Lee* Action.

8.      On April 27, 2020, a third substantially similar securities class action was filed in the U.S. District Court for the Northern District of California captioned *Jenkins v. iQIYI, Inc, et al.,* Case No. 3:20-cv-02882 (the "*Jenkins* Action") alleging the same Class Period as the previous two Actions, and adding additional claims under the Securities Act of 1933.

9.      We decided to retain Levi & Korsinsky, LLP as our counsel after reviewing the complaint filed in the *Lee* Action, discussing the merits of the allegations, and expressing our interest in recovering the losses we suffered. We also understand that our efforts as lead plaintiff, if successful, would benefit the remainder of the class who suffered in the same way we did. During these discussions, we expressed a willingness to work with other like-minded investors who suffered significant losses.

10.     Upon learning of each other's interest seeking appointment of lead plaintiff in this matter through our counsel, we communicated with one another and our counsel on Monday, June 15, 2020, at approximately 1:00PM EST, where we discussed among other things: the allegations and the strength of the claims against defendants; a strategy for prosecuting the Action; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the class would receive from the leadership of a group of like-minded investors like us; a shared desire to achieve the best possible result for the class; our interests in prosecuting the case in a collaborative, likeminded manner; attorney's fees, and the actions that we will take to continue to ensure that the claims will be zealously and efficiently litigated.

11.     As a result, we decided to coordinate our efforts to seek lead plaintiff appointment together. In connection with this decision, we recognized that we retained highly qualified counsel to serve as lead counsel for the class. We are committed to maximizing recovery for the class and will ensure that lead counsel work expeditiously and effectively to bring about a fair resolution to the allegations in this Action.

12.     We discussed the importance of selecting qualified counsel to represent the interests of the class and to do so efficiently. With respect to our selected counsel, we believe that the class will benefit from having a law firm experienced in successfully litigating securities class actions. We are aware of and have been advised of the experience, resources, and successes of proposed lead counsel, Levi & Korsinsky, and are aware that it is an accomplished law firm with a history of achieving significant settlements and corporate governance reforms in similar actions. Through our oversight, we will ensure that Levi & Korsinsky will prosecute this litigation in a zealous and efficient manner.

13.     We, Glenn Wenger, Young K. Han, and Michael Safari, understand that the PSLRA and courts in this District permit groups to serve as lead plaintiff when the group can function cohesively and proves that it will actively monitor the litigation to represent the interests of the class. We intend to prosecute the action against iQIYI and the other defendants in such an independent manner by, among other ways, staying informed about the litigation and overseeing our counsel. We agree that our collective resources and ability to deliberate and engage in joint decision-making will materially benefit and advance the interests of the class in this case.

14.     We are highly motivated to recover our substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation. To this end, we discussed

4

the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that we will be able to make timely decisions.

15.     We have agreed that we will exercise joint decision-making and will jointly communicate with proposed lead counsel regarding the progress and prosecution of the action on a regular basis as well as when important decisions need to be made. To that end, we have agreed that proposed lead counsel will provide us with periodic status reports and hold regular joint calls to discuss: (i) new developments in the action, (ii) all significant decisions concerning the prosecution of the case, (iii) litigation and settlement strategies, (iv) significant pleadings and briefs, (v) important discovery issues, (vi) attorney and expert work being performed, and (vii) any other issues bearing on the effective and efficient prosecution of this matter. Further, we agreed that we will make ourselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of this action.

16.     Given our obligations to the class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions. However, in the unlikely event that a disagreement arises, we agree to abide by a majority vote.

17.     We are committed to satisfying our fiduciary obligations if appointed lead plaintiff to ensure that the action will be vigorously prosecuted consistent with the requirements of the lead plaintiff provisions under the PSLRA and in the best interests of the class.

18.     We understand that one of the primary responsibilities of the lead plaintiff under the PSLRA is to select and retain lead counsel and to supervise the prosecution of the

5

case. We believe that it is essential to the satisfaction of our fiduciary responsibility to the class to select and retain lead counsel that have a proven track record of handling these types of cases and that will operate pursuant to our direction and authority.

19.    We believe that Levi & Korsinsky is highly experienced and qualified to represent the class as lead counsel. We believe that our appointment as lead plaintiffs and approval of Levi & Korsinsky as lead counsel will further the best interests of the class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 15th day of June, 2020

_____
Glenn Wenger

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 15th day of June, 2020

_____
Michael Safari, on Behalf of
Safari Enterprises, Inc.

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 15th day of June, 2020

_____

Young K. Han