**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| | : | |
| JEAN LEE, Individually and On Behalf of All Others Similarly Situated, | : | Case No. 1:20-cv-01830-LDH-JO |
| | : | |
| | : | Judge LaShann DeArcy Hall |
| Plaintiff, | : | |
| | : | Magistrate Judge James Orenstein |
| v. | : | |
| | : | CLASS ACTION |
| IQIYI, INC., YU GONG, and XIAODONG WANG, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF  RONALD L. HERSHBERGER AND ROBERT J. GEREIGE, MD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................................ii

PRELIMINARY STATEMENT .........................................................................................................1

FACTUAL BACKGROUND .............................................................................................................3

ARGUMENT.......................................................................................................................................4

I.    HERSHBERGER & GEREIGE SHOULD BE APPOINTED LEAD PLAINTIFF ..........4

    A.    The PSLRA Standard For Appointing Lead Plaintiff.............................................4

    B.    Hershberger & Gereige Are The "Most Adequate Plaintiff"................................6

        1.    Hershberger & Gereige's Motion Is Timely..............................................6

        2.    Hershberger & Gereige Have the Largest Financial Interest.....................6

        3.    Hershberger & Gereige Satisfy Rule 23's Typicality and Adequacy Requirements .............................................................................7

            (i)    Hershberger & Gereige's Claims Are Typical..............................7

            (ii)    Hershberger & Gereige Will Fairly and Adequately Protect the Interests of the Class ................................................................8

        4.    Hershberger & Gereige Represent Precisely the Type of Small, Cohesive Group Permitted Under the PSLRA...........................................9

II.    HERSHBERGER & GEREIGE'S SELECTION OF COUNSEL MERITS APPROVAL ......................................................................................................................11

CONCLUSION.................................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baldwin v. Net 1 UEPS Techs., Inc.*,
 No. 19-CV-11174 (PKC), 2020 WL 1444937 (S.D.N.Y. Mar. 25, 2020)................................6

*Bevinal v. Avon Prods., Inc.*,
 No. 19 Civ. 1420 (CM), 2019 WL 2497739 (S.D.N.Y. June 3, 2019) ....................................7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001)................................................................................................11

*Chahal v. Credit Suisse Grp. AG*,
 No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)........................10

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) ..........................................................................................5

*Hansen v. Ferrellgas Partners, L.P.*,
 No. 16-cv-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) .......................................9

*Janbay v. Canadian Solar, Inc.*,
 272 F.R.D. 112 (S.D.N.Y. 2010) .....................................................................................9, 10

*Kemp v. Universal Am. Fin. Corp.*,
 No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ...................................6

*Lipetz v. Wachovia Corp.*,
 No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ..................................8

*Maliarov v. Eros Int'l PLC*,
 No. 15-CV-8956 (AJN), 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ..................................10

*McKenna v. Dick's Sporting Goods, Inc*,
 No. 17-CV-3680 (VSB), 2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018) ..................................7

*Peifa Xu v. Gridsum Holding Inc.*,
 No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ...............................7, 8

*Rhode Island Laborers' Pension Fund v. FedEx Corp.*,
 No. 19-CV-5990 (RA), 2019 WL 5287997 (S.D.N.Y. Oct. 18, 2019)....................................5

*Salinger v. Sarepta Therapeutics, Inc.*,
 No. 19-CV-8122 (VSB), 2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019).................................8

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................7

## Rules & Statutes

Fed. R. Civ. P. 23 ............................................................................... *passim*

15 U.S.C. § 78u-4, *et seq.* ............................................................... *passim*

## Docketed Cases

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)..................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ................................................................................11

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 09-md-2027 (S.D.N.Y.) ................................................................................11

## Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................11

Proposed Lead Plaintiff Ronald L. Hershberger and Robert J. Gereige, MD (together, "Hershberger & Gereige") respectfully submit this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of their motion for the entry of an Order: (i) appointing Hershberger & Gereige as Lead Plaintiff; (ii) approving Hershberger & Gereige's selection of Labaton Sucharow LLP ("Labaton Sucharow") and The Rosen Law Firm, P.A. ("Rosen Law") as Co-Lead Counsel for the Class (as defined herein); and (iii) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Hershberger & Gereige, two like-minded and sophisticated investors, respectfully submit that they should be appointed Lead Plaintiff in the above-captioned action (the "Action"). Hershberger & Gereige specifically seek to be appointed Lead Plaintiff on behalf of persons who purchased or otherwise acquired iQIYI Inc. ("iQIYI" or the "Company") securities between March 29, 2018 and April 7, 2020, both dates inclusive (the "Class Period") and were damaged thereby (the "Class"). The Action seeks remedies on behalf of the Class pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its directors, officers, and affiliates (collectively, "Defendants").

---

[1] Hershberger & Gereige respectfully note that they are concurrently filing a substantively identical motion in the related case captioned *Jenkins v. iQIYI, Inc.*, No. 20-cv-02882 (N.D. Cal.) (the "*Jenkins* Action"), pending in the United States District Court for the Northern District of California. In addition to pleading claims under Sections 10(b) and 20(a) of the Exchange Act, unlike the above-captioned action the *Jenkins* Action also pleads claims under Sections 11 and 15 of the Securities Act of 1933.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which person or group of persons has the "largest financial interest" in the relief sought by the Class in the Action, and also whether such movant has made a *prima facie* showing that they are a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Hershberger & Gereige respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Hershberger & Gereige incurred collective losses of *$1,894,657.19* on their Class Period transactions in iQIYI securities as calculated on a last-in-first-out ("LIFO") basis.[2] Accordingly, Hershberger & Gereige have a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant. In addition to asserting the largest financial interest in this litigation, Hershberger & Gereige also meet the typicality and adequacy requirements of Rule 23 because their claims are typical of those of absent Class members, and because they will fairly and adequately represent the interests of the Class.

Finally, pursuant to the PSLRA, Hershberger & Gereige respectfully request that the Court approve their selection of Labaton Sucharow and Rosen Law as Co-Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the

---

[2] Copies of the signed Certifications of Hershberger & Gereige ("Certifications"), are attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl."). The Certifications set forth all Hershberger & Gereige's respective transactions in iQIYI securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Hershberger & Gereige on their Class Period transactions in iQIYI securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.  Similarly, Rosen Law has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions

Accordingly, Hershberger & Gereige respectfully request that the Court appoint them as Lead Plaintiff and approve their choice of Counsel.

### **FACTUAL BACKGROUND**

Defendant iQIYI, "the Netflix of China," purports to be an innovative market-leading online entertainment service in China.  Defendant iQIYI is incorporated in the Cayman Islands, and maintains its principal executive offices in Beijing, China.  iQIYI ADSs are listed on NASDAQ under the ticker symbol "IQ."

On February 27, 2018, iQIYI filed with the SEC a registration statement on Form F-1, which in combination with subsequent amendments of Forms F-1/A and filed pursuant to Rule 424(b)(4) (the "Registration Statement"), would be used for the Company's initial public offering (the "IPO").  On March 29, 2018, iQIYI filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus"), which forms part of the Registration Statement.  That same day, iQIYI conducted the IPO pursuant to the Offering Documents and issued 125,000,000 ADSs to the public at the Offering price of $18.00 per share. iQIYI reaped approximately $2,182,500,000 in proceeds upon the IPO's completion, after underwriting discounts and commissions.

The Action alleges that, in the Registration Statement and throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) iQIYI inflated its revenue figures; (ii) iQIYI inflated its user numbers; (iii) iQIYI inflated its expenses

to cover up other fraud; and (iv) as a result, defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On April 7, 2020, Wolfpack Research ("Wolfpack"), a global financial research and due diligence firm, published a report alleging that iQIYI "was committing fraud well before its IPO in 2018 and has continued to do so ever since." For example, Wolfpack estimated that iQIYI inflated its 2019 revenue by approximately RMB18 billion to RMB13 billion, or 27% to 44%, by overstating its number of users by approximately 42% to 60%. Wolfpack also alleged that the Company then "inflates its expenses, the prices it pays for content, other assets, and acquisitions in order to burn off fake cash to hide the fraud from its auditor and investors." Following publication of the Wolfpack Report, iQIYI's ADS price fell $0.79 per share, or 4.57%, to close at $16.51 per share on April 8, 2020.

Defendants' alleged violations of the securities laws and the revelations thereof have caused Hershberger & Gereige and the Class to incur significant losses.

## ARGUMENT

### I.    HERSHBERGER & GEREIGE SHOULD BE APPOINTED LEAD PLAINTIFF

Hershberger & Gereige respectfully submit that they should be appointed Lead Plaintiff because they  filed the instant motion in a timely manner, believe they have the largest financial interest in this litigation of any qualified movant, and satisfy the typicality and adequacy requirements of Rule 23.

#### A.    The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for "each private action arising under [the Securities Act or the Exchange Act] that is brought as a plaintiff

4

class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also*

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section

21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members

to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-

4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the

"most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as

lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who

otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also*

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011). This presumption may be

rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and

adequately protect the interests of the class" or "is subject to unique defenses that render such

plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II);

*Rhode Island Laborers' Pension Fund v. FedEx Corp.*, No. 19-CV-5990 (RA), 2019 WL

5287997, at *1 (S.D.N.Y. Oct. 18, 2019).

**B.      Hershberger & Gereige Are The "Most Adequate Plaintiff"**

**1.      Hershberger & Gereige's Motion Is Timely**

Hershberger & Gereige filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), plaintiff in the above-captioned action published notice on *Business Wire* on April 16, 2020.  *See* Notice, McConville Decl., Ex. C.  The notice, in accordance with the PSLRA, indicated that applications for Lead Plaintiff must be made no later than 60 days from the date on which the notice was published, *i.e.*, on or before June 15, 2020. Hershberger & Gereige filed this motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

**2.      Hershberger & Gereige Have the Largest Financial Interest**

The PSLRA instructs the court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).  At the time of this filing, Hershberger & Gereige believes that they have the largest financial interest among Class members who filed timely applications for appointment as Lead Plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Hershberger & Gereige incurred substantial losses of ***$1,894,657.19*** on their relevant transactions in iQIYI securities on a LIFO basis during the Class Period.  *See* Loss Analysis, McConville Decl., Ex. B.  Accordingly, Hershberger & Gereige have a substantial financial interest as qualified movants seeking to be appointed as Lead Plaintiff, and are therefore the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-CV-11174 (PKC), 2020 WL 1444937, at *3 (S.D.N.Y. Mar. 25, 2020) (noting that "financial loss and . . . moving to be appointed lead plaintiff demonstrate

6

sufficient interest in the outcome of the case"); *McKenna v. Dick's Sporting Goods, Inc*, No. 17-CV-3680 (VSB), 2018 WL 1083971, at *4–5 (S.D.N.Y. Feb. 27, 2018) (finding the movant with the largest financial interest to be the "presumptive lead plaintiff").

### 3. Hershberger & Gereige Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Bevinal v. Avon Prods., Inc.*, No. 19 Civ. 1420 (CM), 2019 WL 2497739, at *1 (S.D.N.Y. June 3, 2019). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *4 (S.D.N.Y. Sept. 17, 2018) ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met."). (citation and internal quotation marks omitted).

### (i) Hershberger & Gereige's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Gridsum Holding Inc.*, 2018 WL 4462363, at *4.

Hershberger & Gereige's claims are typical of the claims asserted by the proposed Class. Here, Hershberger & Gereige's claims and legal arguments required to prove Defendants' liability in this action are virtually identical to those of absent Class members. Moreover, Hershberger & Gereige and other Class members have been harmed by the same Defendants'

7

actions.  Specifically, Hershberger & Gereige, as did all members of the Class, transacted in iQIYI securities at artificially inflated prices due to Defendants' alleged fraud, and were harmed thereby.  Because Hershberger & Gereige's claims arise from the same course of events as do the claims of other class members, the typicality requirement is satisfied.  *See id.*

> **(ii)    Hershberger & Gereige Will Fairly and Adequately Protect the Interests of the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question."  *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *2–5 (S.D.N.Y. Dec. 17, 2019) (citation omitted).

Hershberger & Gereige will fairly and adequately represent the interests of the proposed Class.  No antagonism exists between Hershberger & Gereige's interest and those of the absent Class members; rather, the interests of Hershberger & Gereige and Class members are squarely aligned.  Moreover, because of Hershberger & Gereige's financial interest in this Action, Class members can be assured that Hershberger & Gereige have the incentive to vigorously represent the Class' interests.  *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would "vigorously" prosecute claims on behalf of the class).  Finally, there is no proof that Hershberger & Gereige are "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II).

In addition, Hershberger & Gereige have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely submitted their choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(v).  Accordingly, Hershberger & Gereige satisfy the adequacy requirement.

### 4. Hershberger & Gereige Represent Precisely the Type of Small, Cohesive Group Permitted Under the PSLRA

Hershberger & Gereige have demonstrated their commitment to working cohesively in the joint prosecution of the Action.  *See* Joint Declaration, McConville Decl. Ex. D.  On this point, the PSLRA expressly provides for multiple investors to serve as lead plaintiff in federal securities class actions under the proper circumstances.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing that the court shall appoint a "person or group of persons" to serve as Lead Plaintiff); *see also Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff."); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 WL 281742, at *3 (S.D.N.Y. Jan. 19, 2017) ("[A]s the statute makes clear, [g]roups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff.") (internal quotation marks and citation omitted).  Further, "[a] group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small and therefore presumptively cohesive." *Janbay*, 272 F.R.D. at 119.  Therefore, in this instance, Hershberger & Gereige are a proper lead plaintiff group.

The Joint Declaration submitted by Hershberger & Gereige establishes them as sophisticated investors possessing interests squarely aligned with those of the Class.  *See* Joint

9

Declaration ¶¶ 2-3; *see also Janbay*, 272 F.R.D. at 119 (appointing as lead plaintiff a group of "sophisticated individuals who have demonstrated their intent to participate directly in this litigation and their willingness and ability to serve as class representatives"); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *6 (S.D.N.Y. June 21, 2018) (finding group members sophisticated based on "financial trading backgrounds"). Additionally, the Joint Declaration provides that Hershberger & Gereige understand and adopt the fiduciary responsibilities of the PSLRA lead plaintiff, and in that regard are determined to control the litigation independent of counsel. *See* Joint Declaration ¶¶ 1, 4, 7.

To this end, Hershberger & Gereige have already participated in a joint conference call on June 13, 2020, to discuss this motion and the pending claims against Defendants, and if appointed, will continue to regularly communicate with or without counsel, confer with counsel regarding litigation strategy and other matters. *Id.* at 6; *see also Credit Suisse Grp. AG*, 2018 WL 3093965, at *5 (finding lead plaintiff group involvement in litigation satisfactory based on "conference call to discuss the responsibilities of the role and the benefits they would provide as a group"). Finally, Hershberger & Gereige have attested that if appointed, they are prepared to actively participate in all stages of the litigation. *See* Joint Declaration ¶ 8; *see also Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at *5 (S.D.N.Y. Apr. 5, 2016) (finding group satisfactory where the members "represented that they are prepared to attend court proceedings, settlement conferences, and other hearings when doing so will be of benefit to the proposed Class") (internal quotation marks and citation omitted).

Therefore, if appointed, Hershberger & Gereige will endeavor to actively steer this litigation in order to efficiently and effectively maximize recovery for the Class. Accordingly, Hershberger & Gereige is an appropriate lead plaintiff group.

## II.    HERSHBERGER & GEREIGE'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Hershberger & Gereige have selected Labaton Sucharow and Rosen Law to serve as Co-Lead Counsel for the Class. Labaton Sucharow has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors, including cases within this Circuit. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow presently serves as lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. E.

Likewise, Rosen Law has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout

11

the nation.  The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.  *See* Rosen Law Firm Resume, McConville Dec., Ex. F.

Thus, the Court may be assured that, by granting Hershberger & Gereige's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Hershberger & Gereige respectfully request that the Court grant their motion and enter an Order: (i) appointing Hershberger & Gereige as Lead Plaintiff; (ii) approving Hershberger & Gereige's selection of Labaton Sucharow and Rosen Law as Co-Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED:  June 15, 2020                           Respectfully submitted,

                                                */s/ Francis P. McConville*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
David J. Schwartz
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com
dschwartz@labaton.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Attorneys for Proposed Lead Plaintiff Ronald L. Hershberger and Robert J. Gereige, MD and Proposed Co-Lead Counsel for the Class*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ *Francis P. McConville*