UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JEAN LEE, Individually and on Behalf of All Others Similarly Situated,

                      Plaintiff,

    vs.

IQIYI, INC., YU GONG and XIAODONG WANG,

                    Defendants.

------------------------------------------------------------ x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:20-cv-01830-LDH-JO

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

**DATE OF SERVICE:  JUNE 15, 2020**

4835-4156-5631.v1

## I.   INTRODUCTION

This action is brought on behalf of purchasers of iQIYI, Inc. ("iQIYI" or the "Company") securities between March 29, 2018 and April 7, 2020, both dates inclusive (the "Class Period") against the Company and two senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Laura Maria Dominguez Moreno, individually and on behalf of Coliving Costa Blanca, Sociedad Limitada ("Ms. Dominguez Moreno") should be appointed lead plaintiff because she filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Ms. Dominguez Moreno's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).[1]

## II.   FACTUAL BACKGROUND

iQIYI purports to be a market-leading online entertainment service in China.  On February 27, 2018, iQIYI filed with the U.S. Securities and Exchange Commission a Registration Statement on Form F-1, which in combination with subsequent amendments of Forms F-1/A and filed pursuant to Rule 424(b)(4), would be used for its initial public offering ("IPO").  In March 2018, iQIYI held

---

[1]   There are two substantially similar cases currently pending against iQIYI: (1) *Shiferaw v. iQIYI, Inc.*, No. 1:20-cv-03115, filed in the Southern District of New York on April 17, 2020; and (2) *Jenkins v. iQIYI, Inc.*, No. 3:20-cv-02882, filed in the Northern District of California on April 27, 2020.  Ms. Dominguez Moreno is also filing a lead plaintiff motion in the *Shiferaw* and *Jenkins* actions.  Defendants have filed motions to transfer the *Shiferaw* and *Jenkins* actions to this Court. Ms. Dominguez Moreno concurs that those actions should be transferred to this Court.

- 1 -

4835-4156-5631.v1

its IPO, offering approximately 125 million American Depositary Shares ("ADSs") to the investing public at $18.00 per share, raising approximately $2.25 billion.

The complaint alleges that defendants made materially false and misleading statements that failed to disclose that: (1) iQIYI inflated its revenue figures; (2) iQIYI inflated its user numbers; (3) iQIYI inflated its expenses to cover up other fraud; and (4) as a result, defendants' public statements were materially false and misleading at all relevant times.

On April 7, 2020, Wolfpack Research released a report alleging, among other things, how iQIYI had misled investors and failed to disclose pertinent information generally and in its IPO's Registration Statement, including that: (1) iQIYI overstated its user numbers; (2) iQIYI inflated its revenues; (3) iQIYI inflated its expenses and the prices of assets in order to conceal its revenue inflation; and (4) iQIYI provided misleading financial reporting in order to create the appearance of a cash generative company. Wolfpack Research's report summarized its findings as follows:

> Our research shows us that iQIYI, Inc. ("IQ") was committing fraud well before its IPO in 2018 and has continued to do so ever since. Like so many other China-based companies who IPO with inflated numbers, IQ is unable to legitimately grow their business enough to true up their financial statements. We estimate IQ inflated its 2019 revenue by approximately RMB 8-13 billion, or 27%-44%.
>
> IQ does this by overstating its user numbers by approximately 42%-60%. Then, IQ inflates its expenses, the prices it pays for content, other assets and acquisitions in order to burn off fake cash to hide the fraud from its auditor and investors.

ECF No. 1 at ¶36. On this news, the price of iQIYI's ADSs allegedly fell $0.99 per share over the rest of the trading day and the next full trading day, or 5.6%, to close at $16.51 per share on April 8, 2020, damaging investors.

4835-4156-5631.v1

## III.    ARGUMENT

### A.    Ms. Dominguez Moreno Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Ms. Dominguez Moreno meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    Ms. Dominguez Moreno's Motion Is Timely

On April 16, 2020, the statutory notice for this action was published on *Business Wire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because Ms. Dominguez Moreno's motion was timely filed by the statutory deadline, she is eligible for appointment as lead plaintiff.

- 3 -

### 2.   Ms. Dominguez Moreno Possesses the Largest Financial Interest

As indicated in her Certification and loss chart, Ms. Dominguez Moreno purchased 183,010 iQIYI ADRs during the Class Period and suffered approximately $399,497 in losses as a result of defendants' alleged wrongdoing.  *See* Rosenfeld Decl., Exs. B, C.  To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Ms. Dominguez Moreno satisfies the PSLRA's "largest financial interest" requirement.

### 3.   Ms. Dominguez Moreno Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" ""'only the last two factors – typicality and adequacy – are pertinent."'"  *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (citation omitted).  "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.* (citation omitted).  "A lead plaintiff is adequate where [s]he 'does not have interests that are antagonistic to the class that [s]he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that [s]he seeks to represent.'"  *Id.* (citation omitted).

As her Certification and loss chart evidence, Ms. Dominguez Moreno purchased iQIYI ADRs and suffered harm when defendants' alleged misconduct was revealed.  *See* Rosenfeld Decl., Exs. B, C.  In addition, Mr. Dominguez Moreno's substantial stake in the outcome of the case indicates that she has the requisite incentive to vigorously represent the class's claims. Ms. Dominguez Moreno is not aware of any conflicts between her claims and those asserted on behalf of the putative class and is not subject to any unique defenses.  Further evidencing her ability to fairly

- 4 -

4835-4156-5631.v1

and competently represent the interests of the class, Ms. Dominguez Moreno has submitted a declaration affirming her ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Rosenfeld Decl., Ex. D. Finally, as discussed below, Ms. Dominguez Moreno has selected and proposed qualified counsel experienced in securities litigation as lead counsel. Thus, Ms. Dominguez Moreno's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm her satisfaction of the Rule 23 requirements.

**B.** **Ms. Dominguez Moreno's Selection of Counsel Should Be Approved**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Ms. Dominguez Moreno has selected Robbins Geller to serve as lead counsel for the proposed class.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Teamsters Local Union No. 727 Pension Fund v. Gordon*, No. 1:19-cv-01108-FB-LB, ECF No. 26 at 8-9 (E.D.N.Y. May 24, 2019) (noting Robbins Geller's "extensive experience in prosecuting securities fraud actions"); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020)

---

[2] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

4835-4156-5631.v1

(concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) (pending final approval). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action

- 6 -

Thus, the Court can be assured that by approving Ms. Dominguez Moreno's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Ms. Dominguez Moreno has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Ms. Dominguez Moreno respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of Lead Counsel.

DATED:  June 15, 2020                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                   *s/ David A. Rosenfeld*
                                   DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

---

recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

4835-4156-5631.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 8 -

4835-4156-5631.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 15, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@rgrdlaw.com

4835-4156-5631.v1

# Mailing Information for a Case 1:20-cv-01830-LDH-JO Lee v. iQIYI, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert Alexander Fumerton**
  robert.fumerton@skadden.com

- **Michael Charles Griffin**
  michael.griffin@skadden.com

- **Matthew M Guiney**
  guiney@whafh.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Francis P. McConville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,kimmiller225@yahoo.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Jason A. Zweig**
  jasonz@hbsslaw.com,megano@hbsslaw.com,chi_filings@hbsslaw.com,sf_filings@hbsslaw.com,josephs@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)