**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN LEE, Individually and On Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>      v. <br><br>IQIYI, INC., YU GONG, and XIAODONG WANG, <br><br>      Defendants. | Case No. 1:20-CV-01830-LDH-JO <br><br>CLASS ACTION <br><br><br>Date of Service:  June 15, 2020 |

**HUNG TRUONG'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT ................................................................................................................... 3

I.      TRUONG IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE
        CLASS ................................................................................................................ 3

        A.      The PSLRA Standard For Appointing Lead Plaintiff ............................... 3

        B.      Under The PSLRA, Truong Should be Appointed Lead Plaintiff ............. 5

                1.      Truong Filed a Timely Motion .................................................... 5

                2.      Truong Has the Largest Financial Interest in the Relief Sought by the
                        Class ........................................................................................... 5

                3.      Truong Meets Rule 23's Typicality and Adequacy Requirements ............. 6

II.     TRUONG'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL
        SHOULD BE APPROVED ................................................................................. 8

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ...............................................................................4, 6

*Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...........................................................................6, 7, 8

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014).............................................................................9

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...................6, 8

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011).........8

*Levine v. AtriCure, Inc.*,
    508 F. Supp. 2d 268 (S.D.N.Y. 2007).........................................................................4

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................6

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) .............................................................................7, 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................5

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV 09-3007 (SJF) (AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010) ........6

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279 (CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) .....................7

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015).......................................................................6, 7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ......................................................................................9

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................. *passim*

**Other Authorities**

Rule 23(a)(4) ..................................................................................................................................7

Hung Truong ("Truong") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for the entry of an order (1) appointing Truong as Lead Plaintiff and (2) approving Truong's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

## PRELIMINARY STATEMENT

The above-captioned securities class action (the "Action") presently pending before this Court is brought on behalf of a putative class (the "Class") of persons or entities who purchased or otherwise acquired the securities of iQIYI, Inc. ("iQIYI" or the "Company") between March 29, 2018 through April 7, 2020, both dates inclusive (the "Class Period").[2]

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the litigation" and who also

---

[1]     Unless stated otherwise, the following conventions apply: (1) all internal citations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration Of Richard W. Gonnello filed herewith.

[2]     The following related actions are pending in other United States District Courts: (1) *Shiferaw v. iQIYI, Inc. et al.*, No. 1:20-cv-03115-DLC (S.D.N.Y.) ("*Shiferaw*"), which was filed on April 17, 2020; and (2) *Jenkins v. iQIYI et al.*, No. 4:20-cv-02882-PJH (N.D. Cal.) ("*Jenkins*"), which was filed on April 27, 2020. The actions assert the same class period, with the *Jenkins* action also including those who purchased iQIYI American Depository Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or about March 29, 2018 (the "IPO" or "Offering"). Truong acknowledges that the actions will need to be transferred to a single United States District Judge and consolidated before a Lead Plaintiff is appointed.

1

satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $117,186.61, Truong, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Truong also satisfies Rule 23's typicality and adequacy requirements. Truong's claims are typical of the Class's claims because he suffered losses on his iQIYI investment as a result of the defendants' false and misleading statements. Further, Truong has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Truong is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Truong is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Truong has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Truong's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Dubbed "the Netflix of China," iQIYI is incorporated in the Cayman Islands, and maintains its principal executive offices in Beijing, China. ECF No. 1 at ¶8. IQIYI purports to be an innovative market-leading online entertainment service in China. *Id.* at ¶8. IQIYI's ADSs trade on the NASDAQ under the ticker symbol "IQ." *Id.* at ¶8.

2

The complaint in the Action alleges that the defendants knowingly and/or recklessly made false and/or misleading statements and/or failed to disclose: (1) iQIYI inflated its revenue figures; (2) iQIYI inflated its user numbers; (3) iQIYI inflated its expenses to cover up other fraud; and (4) as a result, defendants' public statements were materially false and misleading at all relevant times. *Id.* at ¶34.

The truth first emerged on April 7, 2020, during market hours, when Wolfpack Research released a report (the "Report") detailing, *inter alia*, that iQIYI had misled investors and failed to disclose information generally and in its Registration Statement, including the following facts: (i) iQIYI overstating its user numbers; (ii) iQIYI inflating its revenues; (iii) iQIYI inflating expenses and prices of assets to conceal its revenue inflation; and (iv) iQIYI misleading financial reporting creating the appearance of a cash generative company. *Id.* at ¶35.

On this news, iQIYI ADSs fell $0.99 per share for the rest of the trading day and during the next trading day, or 5.6%, to close at $16.51 per share on April 8, 2020, damaging investors. *Id.* at ¶42.

Through the Action, Truong seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

**ARGUMENT**

**I.    TRUONG IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

    **A.    The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice

3

in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (same); *Baughman*, 250 F.R.D. at 125 (describing the PSLRA's process for determining the "most adequate plaintiff"); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Baughman,* 250 F.R.D. at 125.

4

**B.      Under The PSLRA, Truong Should be Appointed Lead Plaintiff**

As discussed below, Truong should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Truong holds the largest financial interest of any movant, and Truong otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      Truong Filed a Timely Motion**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Counsel for first-filed plaintiff Jean Lee published notice of the lead plaintiff deadline via *Business Wire* on April 16, 2020.  *See* Ex. A; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004) ("*Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published.").  Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before June 15, 2020.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, Truong's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Truong timely signed and submitted the requisite certification, identifying all of his relevant iQIYI trades during the Class Period, and detailing Truong's suitability to serve as Lead Plaintiff in this case.  *See* Ex. B.  The PSLRA's procedural requirements have therefore been met**.**

**2.      Truong Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

5

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.,* No. CV 09-3007 (SJF) (AKT), 2010 WL 3909331, at *14 (E.D.N.Y. Sept. 29, 2010); *Baughman*, 250 F.R.D. at 125; *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *5; *Topping*, 95 F. Supp. 3d at 616.

Overall, during the Class Period, Truong purchased 7,696 net and 7,696 total iQIYI shares, expended $252,488.28 in net funds and suffered losses of $117,186.61 attributable to the fraud. *See* Ex. C. Truong is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.    Truong Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys.*, 2010 WL 3909331, at *2; *see also Blackmoss*

6

*Inv., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623.

Truong's claims are clearly typical of the Class's claims. Truong purchased iQIYI shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against iQIYI and certain of its officers under the federal securities laws. Because the factual and legal bases of Truong's claims are similar to those of the Class's claims, Truong necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters*

7

*Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, *see* Ex. B, Truong's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same).

Truong has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, Truong is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Truong respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.     TRUONG'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Truong has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience

8

successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc.*

9

*Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02 CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Miranda v. Ideanomics, Inc.*,

10

No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class); *Malhotra v. Sonim Technologies, Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (appointed as sole lead counsel for the class).

## CONCLUSION

For the foregoing reasons, Truong respectfully requests that the Court (1) appoint him as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: June 15, 2020                                Respectfully submitted,

                                                    **FARUQI & FARUQI, LLP**

                                                    By: */s/ Richard W. Gonnello*
                                                          Richard W. Gonnello

                                                    Richard W. Gonnello
                                                    Sherief Morsy
                                                    685 Third Avenue, 26th Floor
                                                    New York, NY 10017
                                                    Ph: (212) 983-9330
                                                    Fx: (212) 983-9331
                                                    E-mail: rgonnello@faruqilaw.com
                                                            smorsy@faruqilaw.com

                                                    *Attorneys for [Proposed] Lead Plaintiff*
                                                    *Hung Truong and [Proposed] Lead Counsel*
                                                    *for the putative Class*

11