CALCATERRA POLLACK LLP
Regina Calcaterra
1140 Avenue of the Americas
9th Floor
New York, NY 10036
Tel: (212) 899-1760
Email: rcalcaterra@calcaterrapollack.com

BERGER MONTAGUE PC
Michael Dell'Angelo
Andrew Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
          aabramowitz@bm.net

*Attorneys for Proposed Lead Plaintiff*
*Movant Wing Yiu Chan and*
*Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN LEE, Individual and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>IQIYI, INC., YU GONG, XIAODONG WANG, ROBIN YANHONG LI, QI LU, HERMAN YU, XUYANG REN, VICTOR ZHIXIANG LIANG, and CHUAN WANG,<br><br>              Defendants. | Case No. 1:20-cv-01830-LDH-JO<br><br>Hon. LaShann DeArcy Hall |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT WING YIU CHAN'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT ............................................................................................................................. 5

I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ......................................... 5

        A.      The PSLRA Standard for Appointing Lead Plaintiff ........................................... 5

        B.      Movant Is the "Most Adequate Plaintiff" ............................................................ 6

                1.      Movant's Motion Is Timely ....................................................................... 6

                2.      Movant Has a Substantial Financial Interest .............................................. 6

                3.      Movant Satisfies Rule 23's Typicality and Adequacy Requirements ......... 7

                        a.      Movant's Claims Are Typical of Those of the Class ...................... 7

                        b.      Movant Satisfies the Adequacy Requirement of Rule 23 ............... 8

II.     MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...................... 9

CONCLUSION ....................................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Case**                                                                                                              **Page(s)**

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................. 7

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig., No. 08 MDL 1963 (RWS)*,
   2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ................................................................................. 8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................... 9

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................. 8

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
   No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ................................. 7

*Kemp v. Universal Am. Fin. Corp.*,
   No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) .................................... 6

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016) ..................................................................................... 7

*Martingano v. Am. Int'l Grp., Inc.*,
   No. 06CV1625(JG)(JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) .............................. 6

*Micholle v. Ophthotech Corp.*,
   No. 17-CV- 210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ............................... 6, 8

*Randall v. Fifth St. Fin. Corp.*,
   No. 15-cv-7759 (LANK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ..................................... 7

*Tan v. NIO, Inc.*,
   19-CV-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) .............................. 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ....................... 7

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

**Other Authorities**

*H.R. Conf. Rep. No. 104-369 (1995)*................................................................................... 9

Proposed Lead Plaintiff Wing Yiu Chan ("Chan" or "Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order: (i) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who: (a) purchased or otherwise acquired iQIYI, Inc. ("iQIYI" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or about March 29, 2018 (the "IPO" or "Offering"); or (b) purchased or acquired iQIYI securities between March 29, 2018 and April 7, 2020, both dates inclusive (the "Class Period"), (ii) approving Movant's selection of Berger Montague PC ("Berger Montague") as Lead Counsel for the Class and Calcaterra Pollack LLP ("Calcaterra Pollack") as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.[1]

**PRELIMINARY STATEMENT**

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who acquired iQIYI securities during the Class Period (the "Class") and all purchasers of iQIYI ADSs on or traceable to the Offering, and who were damaged as a result of Defendants' alleged fraud. This action (the "Action") alleges violations of Sections 10(b) and 20(a) of the Exchange Act against the Company, its Chief Executive Officer ("CEO"), its Chief Financial Officer ("CFO"), and members of iQIYI's board of directors (collectively, the "Defendants"). The

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Ex. A to the Declaration of Regina Calcaterra, Esq. ("Calcaterra Decl."), furnished herewith.

1

Action also alleges violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").[2]

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant has incurred a loss of $134,693 on his Class Period transactions in iQIYI securities, calculated on both a last-in-first-out ("LIFO") and first-in-first-out ("FIFO") basis. Movant has the largest known loss of any other movant, and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

---

[2] In addition to the above-captioned action, a securities class action lawsuit arising from the same facts and alleging the same Class Period was also filed in the United States District Court for the Northern District of California (*Jenkins v. iQIYI, Inc. et al*, Case No. 3:20-cv-02882 (N.D. Cal.)) (the "*Jenkins* Action"). The complaint in the instant Action asserts claims under the Exchange Act, while the *Jenkins* Action brings claims under the Exchange Act and Securities Act. Movant Chan herein seeks to represent both classes of investors, those who purchased iQIYI ADSs on the Offering and those who purchased iQIYI securities during the Class Period. Concurrent with the instant Motion, Movant Chan is filing a motion for lead plaintiff appointment in the *Jenkins* Action.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel and Calcaterra Pollack as Local Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague is a nationally recognized leader representing investors in shareholder litigation and securities class actions for nearly fifty years, and has the expertise and resources necessary to handle this complex litigation. Calcaterra Pollack is a New York law firm that specializes in complex federal and state litigation, including shareholder litigation and securities class actions.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selections of Lead Counsel and Local Counsel.

## **FACTUAL BACKGROUND**

Often referred to as the "Netflix of China," iQIYI operates a Chinese video online streaming platform which is currently one of the largest video-based websites in the world, with on-demand video content including television shows and movies. The Company generates its revenue primarily from membership services and online advertising. Based in Beijing, China, iQIYI was incorporated in 2009 and is a subsidiary of Baidu Holdings Limited. Following its IPO in March 2018, iQIYI's shares began trading on the NASDAQ under the ticker symbol "IQ."

The Action alleges that in public statements made during the Class Period, including in the Offering materials issued in connection with the IPO, Defendants made materially false or misleading statements and omissions regarding key financial metrics, including, but not limited to, revenue and user numbers. The Action charges the Company and senior management with overstating iQIYI's 2019 revenue and its subscriber numbers in its public filings with the

3

Securities and Exchange Commission ("SEC"), and further, with inflating its expenses in order to conceal their misstatements from investors.

According to the Complaint filed in the Action, investors learned the true state of iQIYI's finances on April 7, 2020, when analyst Wolfpack Research published an in-depth, 37-page report (the "Report") detailing how Defendants had vastly inflated the Company's financial health. Among other things, the Report demonstrated that iQIYI had materially overstated its revenue and subscriber numbers, and that the Company had been doing so even prior to its IPO.

The Report contained a detailed analysis of the Company's financials and offered considerable detail. For instance, the Report set forth how iQIYI had inflated its 2019 revenue by between $1.1 billion and $1.8 billion, or 27%-44%, how the Company overstated its user numbers by approximately 42% to 60%, and moreover, how iQIYI concealed its fraudulent activities from the market by inflating its expenses such that the amounts it paid for content, acquisitions, and other assets appeared higher than they actually were.

The Report further detailed that Wolfpack Research's research included, among other things, an in-person survey of 1,563 people in China, which revealed that a substantial number of iQIYI memberships were acquired for free, or near-free under a buy-one-get-one offer, a practice which allowed the Company to misrepresent its subscriber figures.

On the day the Report was published, iQIYI's ADSs fell $1.01 per share – nearly 6% – over the remainder of trading on April 7, 2020 and the next full trading day, to close at $16.51 per share April 8, 2020.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial, if not the largest, financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

#### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and

5

(iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Martingano v. Am. Int'l Grp., Inc.*, No. 06CV1625(JG)(JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.       Movant Is the "Most Adequate Plaintiff"

#### 1.       Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely-circulated, business-oriented news wire service, on April 16, 2020. *See* Calcaterra Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before June 15, 2020. Movant has filed his Motion seeking appointment as Lead Plaintiff within this deadline, and thus has satisfied the procedural requirements of the PSLRA.

#### 2.       Movant Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

6

Movant has incurred a substantial loss of $134,693 on his Class Period transactions in iQIYI securities calculated on both a LIFO and FIFO basis. *See* Calcaterra Decl., Ex. C; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest as a qualified movant seeking Lead Plaintiff status and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.    Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, 19-CV-1424 (NGG)(VMS), 2020 WL 1031489, at *2 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

### a.    Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants made material misstatements and omissions regarding iQIYI's financial performance and prospects in violation of the federal securities laws. Like all the members of the Class, Movant purchased iQIYI securities in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and was damaged thereby.

Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b.    Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Movant will fairly and adequately represent the interests of the proposed Class. He has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. He has also retained experienced counsel with a nearly fifty-year record of prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely submitted his

8

choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

## II.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The Firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class

9

action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million). *See* Calcaterra Decl., Ex. D.

In addition, Movant has selected the law firm of Calcaterra Pollack LLP ("Calcaterra Pollack") to serve as Local Counsel. Calcaterra Pollack is a women-owned firm specializing, among other things, in securities, antitrust and consumer class actions. Its partners have over five decades of collective experience in complex federal and state litigation including experience representing individual and institutional investors in federal and state securities litigation, and on matters of corporate governance and shareholder rights. Calcaterra Pollack currently serves as Co-Counsel on the Lead Counsel team representing New York's Metropolitan Transportation Authority's pension funds as lead plaintiffs in *In re Molson Coors Brewing Company Securities Litigation*, Case No. 1:19-cv-00455-DME-MEH (D. Colo.), a securities class action in which defendants allegedly misled investors by misstating the company's tax liability by almost $248 million in financial filings. *See* Calcaterra Decl., Ex. E.

In light of the foregoing, by approving Movant's selection of Berger Montague as Lead Counsel for the Class and Calcaterra Pollack as Local Counsel, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve these selections.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (i) appointing Movant Wing Yiu Chan as Lead Plaintiff; (ii) approving Movant's selection of Berger Montague as Lead Counsel for the Class and Calcaterra Pollack as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: June 15, 2020                    Respectfully submitted,


                                         /s/ Regina Calcaterra
                                        Regina Calcaterra
                                        CALCATERRA POLLACK LLP
                                        1140 Avenue of the Americas
                                        9th Floor
                                        New York, NY 10036
                                        Tel: (212) 899-1760
                                        Email: rcalcaterra@calcaterrapollack.com

                                        **Attorneys for Lead Plaintiff Movant Wing Yiu Chan and Proposed Local Counsel for the Class**

                                        Michael Dell'Angelo
                                        Andrew Abramowitz
                                        BERGER MONTAGUE PC
                                        1818 Market Street, Suite 3600
                                        Philadelphia, PA 19103
                                        Tel: (215) 875-3000
                                        Email: mdellangelo@bm.net
                                              aabramowitz@bm.net

                                           -and-

                                        Benjamin Galdston
                                        BERGER MONTAGUE PC
                                        12544 High Bluff Drive, Suite 340
                                        San Diego, CA 92130
                                        Tel: (619) 389-0300
                                        Email: bgaldston@bm.net

                                        **Attorneys for Lead Plaintiff Movant Wing Yiu Chan and Proposed Lead Counsel for the Class**

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.


          */s/ Regina Calcaterra*
          Regina Calcaterra