UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEAN LEE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IQIYI, INC., YU GONG, and XIAODONG WANG,<br><br>    Defendants. | Case No.  1:20-cv-01830-LDH-JO |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE IQIYI INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT............................................................................................................................ 3

I.      THE iQIYI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF........ 3

     A.      The iQIYI Investor Group is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff. ........................................ 4

     B.      The iQIYI Investor Group has the "largest financial interest" in the Action. ........ 5

     C.      The iQIYI Investor Group otherwise satisfies the Requirements of Rule 23. ........ 6

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED............ 9

CONCLUSION....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085, 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ...................................6

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................................8

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ..............................................................................................7

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ......................................................................8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)...............................................................................................5, 8

*Chahal v. Credit Suisse Grp. AG*,
   18-CV-2268, et al., 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018).....................5

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y.
   Mar. 2, 2007)......................................................................................................................5, 9

*Dookeran v. Xunlei Ltd.*,
   18-cv-467 (RJS), et al., 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12,
   2018) ......................................................................................................................................8

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992)...................................................................................................7

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ..........................................................................................8

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ..........................................................................................7

*Jenkins v. iQIYI, Inc. et al*,
   Docket No. 4:20-cv-02882......................................................................................................1

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................6

ii

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................................9

*Lax v. First Merchants Acceptance Corp.*,
  Nos. 97 C 2715, et al., 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).......................5

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ......................................................................................9

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13,
  2017) ......................................................................................................................5

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................5

*In re Orion Secs. Litig.*,
  08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) .......................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................6

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ..................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).............................................................................9

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ..................................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................ *passim*

Securities Exchange Act of 1934...................................................................1, 7

**Rules**

Fed. R. Civ. P. 23 ......................................................................................... *passim*

iii

Sugumar Ariathurai and Thomas Jenkins (together, "the iQIYI Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing the iQIYI Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants (the "Defendants") who purchased or otherwise acquired: (a) iQIYI, Inc. ("iQIYI" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or about March 29, 2018 (the "IPO" or "Offering"); or (b) iQIYI securities between March 29, 2018, and April 7, 2020, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## PRELIMINARY STATEMENT

The Complaint in the Action alleges that iQIYI and certain of its officers defrauded investors in violation of the Exchange Act. *See generally* Dkt. No. 1 (the "Complaint"). iQIYI investors, including the iQIYI Investor Group, incurred significant losses following the

---

[1] On April 27, 2020, a related class action lawsuit alleging violations under the PSLRA was filed in the U.S. District Court for the Northern District of California, styled *Jenkins v. iQIYI, Inc. et al*, Docket No. 4:20-cv-02882 (the "*Jenkins* Action"). That action also alleges claims against the Defendants in the above-captioned action (the "Action") on behalf of a class consisting of those who purchased or otherwise acquired iQIYI securities during the same Class Period as alleged in this Action. However, the *Jenkins* Action was also brought on behalf of those who purchased or otherwise acquired iQIYI ADSs pursuant and/or traceable to the Company's IPO, as specified above. Therefore, this motion is made to seek lead plaintiff appointment on behalf of a Class consisting of both the Class Period and IPO purchasers and/or acquirers the Company's ADSs/securities, as specified above, to prevent excluding any potential Class members, and in anticipation that this Action may ultimately be consolidated with the *Jenkins* Action.

disclosure of the alleged fraud, which caused the prices of iQIYI securities to fall sharply, damaging the iQIYI Investor Group and other iQIYI investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with its purchases of iQIYI securities during the Class Period and/or pursuant to the IPO, the iQIYI Investor Group incurred losses of approximately $85,246. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, the iQIYI Investor Group believes that it has the largest financial interest in the relief sought in this Action.

Beyond its considerable financial interest, the iQIYI Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, the iQIYI Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the iQIYI Investor Group respectfully requests that the Court enter an order appointing the iQIYI Investor Group as Lead Plaintiff and approving the iQIYI Investor Group's selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint, iQIYI "the Netflix of China," purports to be an innovative market-leading online entertainment service in China.  Defendant iQIYI is incorporated in the Cayman Islands, and maintains its principal executive offices in Beijing, China.  iQIYI American Depository Shares ("ADSs") are listed on NASDAQ under the ticker symbol "IQ." The Company's agent for service in the United States, as stated in the Registration Statement, is Law Debenture Corporate Services Inc., 801 2nd Avenue, Suite 403, New York, NY 10017.

In March 2018, Defendants held the IPO, offering approximately 125 million ADSs to the investing public at $18.00 per share, raising approximately $2.25 billion.

On April 7, 2020, during market hours, Wolfpack Research released a report detailing, among other things, how iQIYI had misled investors and failed to disclose pertinent information generally and in its Registration Statement, including: (i) iQIYI overstating its user numbers; (ii) iQIYI inflating its revenues; (iii) iQIYI inflating expenses and prices of assets to conceal its revenue inflation; and (iv) iQIYI misleading financial reporting creating the appearance of a cash generative company.

On this news, iQIYI ADSs fell $0.99 per share over the rest of the trading day and the next full trading day, or 5.6%, to close at $16.51 per share on April 8, 2020, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## I.    THE iQIYI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The iQIYI Investor Group should be appointed Lead Plaintiff because, to its knowledge, the iQIYI Investor Group has the largest financial interest in the Action and otherwise satisfies

3

the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the iQIYI Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

## A.    The iQIYI Investor Group is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On April 16, 2020, counsel for plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in iQIYI securities that they had until June 15, 2020—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice").  *See* Lieberman Decl., Ex. B.  The iQIYI Investor Group has timely filed the instant motion pursuant to the PSLRA Notice, and has

4

attached sworn Certifications executed by its members attesting that it is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. C. Accordingly, the iQIYI Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

      **B.**      **The iQIYI Investor Group has the "largest financial interest" in the Action.**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, the iQIYI Investor Group has the largest financial interest of any iQIYI investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[2] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

---

[2] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

During the Class Period, the iQIYI Investor Group: (1) purchased 5,050 shares of iQIYI securities; (2) expended $168,584 on its purchases of iQIYI securities; (3) retained 4,690 of its shares of iQIYI securities; and (4) incurred losses of $85,246 in connection with its transactions in iQIYI securities. *See* Lieberman Decl., Ex. A. To the extent that the iQIYI Investor Group possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C.      The iQIYI Investor Group otherwise satisfies the Requirements of Rule 23.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591, at *8. Here, the Complaint in the Action sufficiently pleads Rule

6

23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including the iQIYI Investor Group.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The iQIYI Investor Group's claims are typical of those of the Class. The iQIYI Investor Group alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning iQIYI. The iQIYI Investor Group, as did all members of the Class, purchased iQIYI securities during the Class Period and/or pursuant and/or traceable to the IPO at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove iQIYI' share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

7

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

Moreover, the iQIYI Investor Group constitutes an appropriate group of the type routinely appointed to serve as Lead Plaintiffs. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*,, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

As set forth in greater detail below, in Pomerantz, the iQIYI Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between the iQIYI Investor Group's interests and the interests of the Class. The members of the iQIYI Investor Group have submitted sworn Certifications declaring their commitment to protect the interests of

8

the Class (*see* Lieberman Decl., Ex. C).  Further, there is no evidence of antagonism or conflict between the iQIYI Investor Group's interests and the interests of the Class.  The significant losses incurred by the iQIYI Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the iQIYI Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Lieberman Decl., Ex. D.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See* Lieberman Decl., Ex. D.  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million

settlement with the company.  *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).  As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in this Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of this Action.  Thus, the Court may be assured that by approving the selection of counsel by the iQIYI Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the iQIYI Investor Group respectfully requests that the Court issue an Order: (1) appointing the iQIYI Investor Group as Lead Plaintiff; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  June 15, 2020                    Respectfully submitted,

                                         POMERANTZ LLP

                                         */s/ Jeremy A. Lieberman*
                                         Jeremy A. Lieberman
                                         J. Alexander Hood II
                                         600 Third Avenue, 20th Floor
                                         New York, NY 10016
                                         Telephone: (212) 661-1100
                                         Facsimile: (212) 661-8665
                                         Email: jalieberman@pomlaw.com
                                         Email: ahood@pomlaw.com

                                         POMERANTZ LLP
                                         Patrick V. Dahlstrom
                                         Ten South LaSalle Street, Suite 3505
                                         Chicago, Illinois 60603
                                         Telephone: (312) 377-1181
                                         Facsimile: (312) 377-1184
                                         Email: pdahlstrom@pomlaw.com

                                         *Counsel for Lead Plaintiff Movants*
                                         *and Proposed Lead Counsel for the Class*

10

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant*
*Sugumar Ariathurai*

HOLZER & HOLZER, LLC
Corey D. Holzer
(*pro hac vice* application forthcoming)
1200 Ashwood Parkway
Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: cholzer@holzerlaw.com

*Additional Counsel for Lead Plaintiff Movant*
*Thomas Jenkins*

11