## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN LEE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-01830-LDH-JO |
| Plaintiff, | |
| v. | |
| iQIYI, INC., YU GONG, and XIAODONG WANG, | |
| Defendants. | Date of Service: June 29, 2020 |
| LE RIVAGE LLC, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-02653-ENV-VMS |
| Plaintiff, | |
| v. | |
| IQIYI, INC., YU GONG, and XIAODONG WANG, | |
| Defendants. | |

## MOVANT LE RIVAGE LLC'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>

## TABLE OF AUTHORITIES

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 2

        A.      The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff ........................ 2

        B.      Movant Is the Presumptively Most Adequate Plaintiff ........................................ 3

        C.      The Presumption that Movant Is the Most Adequate Plaintiff Has Not Been
                Rebutted ......................................................................................................... 7

        D.      Movant's Selection of Counsel Should Be Approved ........................................ 7

III.    CONCLUSION ................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Bo Young Cha v. Kinross Gold Corp.*,
No. 12-cv-1203-PAE, 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ................................... 4, 6

*Hung v. iDreamSky Tech. Ltd.*,
No. 15-cv-2514-JPO, 2016 WL 299034 (S.D.N.Y. Jan. 25, 2016) ......................................... 7

*In re Bally Total Fitness Sec. Litig.*,
No. 04-cv-4697, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................... 4

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................... 4

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................. 4

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................... 4

*Markette v. XOMA Corp.*,
No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) ................................... 5

*Sallustro v. CannaVest Corp.*,
93 F. Supp. 3d 265 (S.D.N.Y. 2015) ....................................................................................... 5

*Takara Tr. v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) .............................................................................................. 4

*Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................. 7

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
No. 05-cv-04617-RJH, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) ....................................... 4

## STATUTES

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................................. *passim*

## RULES

Fed. R. Civ. P. 23 ......................................................................................................... 2, 3, 6

Lead Plaintiff Movant Le Rivage LLC ("Movant" or "Le Rivage") respectfully submits this memorandum of law in opposition to the nine competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 10, 13, 16, 19, 25, 26, 29, 32, 37).[1]

## I.    INTRODUCTION

Ten movants (or movant groups) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The motions were filed by Le Rivage (Dkt. No. 33); Tranquil Bay, LLC ("Tranquil") (Dkt. No. 10); the Chiha and Shah Family Group (Dkt. No. 13); Dae Kim ("Kim") (Dkt. No. 16); Glenn Wagner, Young K. Han, and Michael Safari, on behalf of Safari Enterprises, Inc. (self-styled the "IQ Investor Group") (Dkt. No. 19); Ronald L. Hershberger and Robert J. Gereige, MD ("Hershberger and Gereige") (Dkt. No. 25); Laura Maria Dominguez Moreno, individually and on behalf of Coliving Costa Blacca, Sociedad Limitada ("Moreno") (Dkt. No. 26); Hung Truong ("Truong") (Dkt. No. 29); Wing Yu Chan ("Chan") (Dkt. No. 32); and Sugumar Ariathurai and Thomas Jenkins (self-styled the "iQIYI Investor Group") (Dkt. No. 37).[2]

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the movant or movant group "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides

---

[1] On June 18, 2020, counsel for Movant Wing Yiu Chan requested that Dkt. Nos. 22-24 be stricken and ignored by all parties.  *See* Dkt. No. 41.

[2] Five movants—Chan, Truong, the Chiha and Shah Family Group, Kim, and the IQ Investor Group—have filed notices stating that they do not oppose the competing motions for lead plaintiff. *See* Dkt. Nos. 42-45; *see also Jenkins v. iQIYI, Inc., et al.*, Case No. 4:20-cv-02882-PJH (N.D. Cal.), Dkt. No. 57 (non-opposition filed by the IQ Investor Group).

a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23").   15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).   The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Movant's memorandum of points and authorities in support of its lead plaintiff motion (Dkt. No. 35), Le Rivage has by far the largest financial interest in the relief sought by the class[3] and satisfy the requirements of Rule 23.  As such, Movant is the presumptively "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Le Rivage is the presumptively most adequate plaintiff, and the presumption has not been rebutted—and Movant submits cannot be rebutted—Le Rivage should be appointed lead plaintiff, and its selection of counsel should be approved.[4]

## II.   ARGUMENT

### A.   The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant or group of movants that "has either filed the complaint or made a motion," "has the largest

---

[3] Movant's financial interest, as measured by its last-in-first-out ("LIFO") loss, is well over $5 million regardless of what methodology is used.  *See* Section II.B., *infra*.

[4] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

2

financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      Movant Is the Presumptively Most Adequate Plaintiff**

Le Rivage satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  First, Movant filed a timely motion for appointment as lead plaintiff.  *See* Dkt. No. 33; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa).

Second, Movant satisfies the requirements of Rule 23, as demonstrated in Movant's memorandum of law in support of its lead plaintiff motion.  *See* Dkt. No. 35 at 7-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Not only is La Rivage managed by an experienced investor that has years of securities investment experience (*see* Dkt. No. 35 at 9), but it is so willing to vigorously advocate for the Class that it already filed its own complaint to maximize the amount of damages alleged by properly including additional loss causation events.  *See La Rivage LLC v. iQIYI, Inc., et al.*, Case No. 1:20-cv-02653-ENV-VMS (E.D.N.Y. Jun. 15, 2020), Dkt. No. 1.

Third, as explained *infra*, Le Rivage has the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).  While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased

3

during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008).  Of these factors, losses suffered is the most important.  *See id.* at 437.  In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203-PAE, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor.");  *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617-RJH, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball.") (quoting *In re Bally Total Fitness Sec. Litig.*, No. 04-cv-4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)).[5]

Most courts agree that the preferred method to calculate financial losses requires Class Period sales to be matched to purchases on a last in/first out (LIFO) basis.  *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005).  Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id.* at 101.

Here, Le Rivage has by far the largest financial interest of all competing movants.  The following chart illustrates Movant's losses compared to the other movants:[6]

---

[5] Regardless, La Rivage also has by far the most gross shares (325,000) of any movant – Moreno has the second most with 183,000.  Moreover, Movant also has the greatest net expenditures ($5,026,299.86) as well – Hershberger and Gereige have the second most with $3,115,082.11

[6] The data included in the charts in this memorandum were derived from the movants' respective loss charts.

| Movant | LIFO Loss[7] |
|---|---|
| **Le Rivage LLC** | **$5,026,299.86** |
| **Hershberger and Gereige** | **$1,894,895.81** |
| **Robert J. Gereige, MD** | $970,668.27 |
| Ronald L. Hershberger | $924,227.55 |
| **Tranquil Bay, LLC** | **$843,181.92** |
| **IQ Investor Group** | **$520,342.49** |
| Glenn Wenger | $206,891.20 |
| Safari Enterprises, Inc. | $141,085.83 |
| Young K. Han | $172,365.46 |
| **Coliving Costa Blanca, Sociedad Limitada** | **$394,388.72** |
| **Chiha and Shah Family Group** | **$183,403.58** |
| Antoine Chiha | $66,769.06 |
| Dharti Shah | $18,271.64 |
| Hetal Shah | $10,204.54 |
| Vinod and Pareesha Shah | $88,158.33 |
| **Dae Kim** | **$166,065.76** |
| **Wing Yiu Chan** | **$134,145.73** |
| **Hung Truong** | **$117,186.61** |
| **iQIYI Investor Group** | **$79,703.64** |
| Sugumar Ariathurai | $45,206.43 |
| Thomas Jenkins | $34,497.21 |

Some courts have opted to apply an adjustment to LIFO loss—excluding from the calculation losses and gains on securities that were purchased during the lass period and sold prior to the corrective disclosure. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (holding that losses from the sales prior to a corrective disclosure "are not recoverable under *Dura* and cannot be considered in calculating [movant's] losses"); *see also Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *5 (N.D. Cal. May 13, 2016) ("Other courts in this district have applied a different net economic loss method that looks to the shares retained at the end of the class period that were purchased during the class period and calculates

---

[7] Losses normalized to use the same 90-day average for retained shares ($17.4604).

the total net loss on those securities alone.").  Even with such an adjustment, Movant has the largest

loss:

| Movant | LIFO Loss on Retained Shares[8] |
|---|---|
| **Le Rivage LLC** | **-$5,176,299.86** |
| **Hershberger and Gereige** | **-$2,123,895.81** |
| Robert J. Gereige, MD | -$970,668.27 |
| Ronald L. Hershberger | -$1,153,227.55 |
| **Coliving Costa Blanca, Sociedad Limitada** | **-$1,383,223.05** |
| **Tranquil Bay, LLC** | **-$843,181.92** |
| **IQ Investor Group** | **-$529,628.19** |
| Glenn Wenger | -$206,891.20 |
| Safari Enterprises, Inc. | -$141,085.83 |
| Young K. Han | -$181,651.16 |
| **Chiha and Shah Family Group** | **$183,403.58** |
| Antoine Chiha | $66,769.06 |
| Dharti Shah | $18,271.64 |
| Hetal Shah | $10,204.54 |
| Vinod and Pareesha Shah | $88,158.33 |
| **Dae Kim** | **$166,065.76** |
| **Wing Yiu Chan** | **$134,145.73** |
| **Hung Truong** | **$117,186.61** |
| **iQIYI Investor Group** | **$79,703.64** |
| Sugumar Ariathurai | $45,206.43 |
| Thomas Jenkins | $34,497.21 |

Accordingly, whether judging by LIFO loss, or LIFO loss with a retained shares

adjustment, La Rivage has the largest financial interest in the relief sought by the class.  *See*

*Kinross Gold*, 2012 WL 2025850, at *2.

Since Movant has the largest financial interest in the relief sought by the class, filed a

timely motion, and satisfy the requirements of Rule 23, it is the presumptively most adequate

plaintiff.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

---

[8] Losses normalized to use the same 90-day average for retained shares ($17.4604).

6

**C.    The Presumption that Movant Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Movant would be inadequate or subject to unique defenses. As such, La Rivage should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

**D.    Movant's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). La Rivage's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved since Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 39-4 (Glancy Prongay & Murray LLP firm résumé). The firm has more than 20 years of experience successfully representing injured investors. *See id.* By approving Movant's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Movant's selection of lead counsel for the class should be approved. *See Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514-JPO, 2016 WL 299034, at *6 (S.D.N.Y. Jan. 25, 2016) (approving Glancy Prongay & Murray LLP as lead counsel).

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant their motion and enter an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as lead plaintiff; (3) approving Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) denying the competing motions.

Respectfully submitted,

DATED: June 29, 2020                    **GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Le Rivage LLC and Proposed Lead
Counsel for the Class*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 29, 2020, I served true and correct copies of the foregoing document, by posting

the document electronically to the ECF website of the United States District Court for the Eastern

District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on June 29, 2020, at New York, New York.


                                             */s/ Gregory B. Linkh*
                                             Gregory B. Linkh