UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

JEAN LEE, Individually and on Behalf of All      :    Civil Action No. 1:20-cv-01830-LDH-JO
Others Similarly Situated,                       :
                                                 :    CLASS ACTION
                                                 :
                    Plaintiff,                   :
                                                 :    REPLY TO COMPETING MOTIONS FOR
                                                 :    APPOINTMENT AS LEAD PLAINTIFF
        vs.                                       :
                                                 :    **DATE OF SERVICE: July 6, 2020**
IQIYI, INC., YU GONG and XIAODONG                :
WANG,                                            :
                                                 :
                                                 :
                    Defendants.                  :
                                                 :
———————————————————— x

4849-0759-6481.v1

**CASES**

*Altowaiti v. Cissna*,
   2020 WL 2036703 (S.D.N.Y. Apr. 28, 2020)....................................................................2

*Bensley v. FalconStor Software, Inc.*,
   277 F.R.D. 231 (E.D.N.Y. 2011) ..........................................................................................3

*Bhojwani v. Pistiolis*,
   2007 WL 9228588 (S.D.N.Y. July 31, 2007) .......................................................................5

*Galmi v. Teva Pharm. Indus. Ltd.*,
   302 F. Supp. 3d 485 (D. Conn. 2017)...................................................................................4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)..................................................................................................4

*In re NYSE Specialists Sec. Litig.*,
   240 F.R.D. 128 (S.D.N.Y. 2007) ..........................................................................................5

*In re Petrobras Sec. Litig.*,
   104 F. Supp. 3d 618 (S.D.N.Y. 2015)...................................................................................5

*Maliarov v. Eros Int'l PLC*,
   2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016)........................................................................3

*McDermid v. Inovio Pharm., Inc.*,
   2020 WL 3288189 (E.D. Pa. June 18, 2020) .......................................................................5

*Nakamura v. BRF S.A.*,
   2018 WL 3217412 (S.D.N.Y. July 2, 2018) ........................................................................5

*Shiring v. Tier Techs., Inc.*,
   244 F.R.D. 307 (E.D. Va. 2007) ..........................................................................................5

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015).....................................................................................3

*Tsirekidze v. Syntax-Brillian Corp.*,
   2008 WL 942273 (D. Ariz. Apr. 7, 2008) .......................................................................2, 5

*Villare v. ABIOMED, Inc.*,
   2020 WL 3497285 (S.D.N.Y. June 29, 2020) ......................................................................3

4849-0759-6481.v1

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78u-4(a)(3)(B)(iii)................................................................................................................1
    §78u-4(a)(3)(B)(iii)(I)..........................................................................................................1

Federal Rules of Civil Procedure
    Rule 23 ...........................................................................................................1, 2, 4

Local Civil Rules
    Rule 6.1(b) ...........................................................................................................2

4849-0759-6481.v1

## I.    INTRODUCTION

The field of movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") is down from ten to four: (1) Laura Maria Dominguez Moreno, individually and on behalf of Coliving Costa Blanca, Sociedad Limitada ("Ms. Dominguez Moreno"); (2) Le Rivage LLC; (3) Ronald L. Hershberger and Dr. Robert J. Gereige (together, the "Hershberger Group"); and (4) Jason Tzung Lee, as Manager of Tranquil Bay, LLC ("Tranquil Bay").[1]  Only one of these movants satisfies both the financial interest and Rule 23 prongs of the PSLRA: Ms. Dominguez Moreno.

Indeed, by failing to substantively oppose Ms. Dominguez Moreno's motion, the remaining movants effectively conceded that she is typical and adequate, and is thus not subject to any unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii).  Unlike the remaining movants, Ms. Dominguez Moreno meets all of the statutory requirements as she filed a timely motion, suffered a substantial loss of nearly $400,000, satisfies the Rule 23 requirements, and is not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Moreover, Le Rivage and the Hershberger Group cannot trigger the PSLRA's most adequate plaintiff presumption because they each suffer from a host of disqualifying defects.  Consequently, their motions should be denied.

---

[1]    Movants Young K. Han, Michael Safari, on behalf of Safari Enterprises, Inc., and Glenn Wenger; Dae Kim; Antoine Chiha, Vinod and Pareesha Shah Irrevocable Trust, Hetal Shah, and Dharti Shah; Wing Yiu Chan; Hung Truong; and Sugumar Ariathurai and Thomas Jenkins filed notices of non-opposition to the competing lead plaintiff motions.  *See* ECF Nos. 42, 43, 44, 45, 46, 51.

4849-0759-6481.v1

## II.   ARGUMENT

### A.   The Remaining Movants Effectively Concede that Ms. Dominguez Moreno Is Adequate and Typical

The remaining movants' opposition briefs made no "argument against [Ms. Dominguez Moreno] other than pointing out [her] relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing movant that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see generally* ECF Nos. 47, 48, 50 (failing to make any arguments against Ms. Dominguez Moreno).

Importantly, the Court's Local Civil Rules required all lead plaintiff movants to file their oppositions by June 29, 2020. *See* Local Civil Rule 6.1(b). Here, none of the remaining movants opposed Ms. Dominguez Moreno's motion by arguing that she was unable to meet the Rule 23 requirements. Nor could they, as Ms. Dominguez Moreno is entirely typical and adequate. Accordingly, Ms. Dominguez Moreno is the only candidate that satisfies all of the PSLRA's requirements and her motion should be granted.[2]

### B.   The Remaining Movants Cannot Trigger the "Most Adequate Plaintiff" Presumption

As discussed in Ms. Dominguez Moreno's opposition, and as further outlined below, the remaining movants do not satisfy the Rule 23 requirements as they will be subject to a host of unique defenses that will become a significant focus of the litigation. *See generally* ECF No. 52.

---

[2]   The remaining movants should not be permitted to oppose Ms. Dominguez Moreno's motion for the first time in their reply briefs. *See, e.g.*, *Altowaiti v. Cissna*, 2020 WL 2036703, at *4 (S.D.N.Y. Apr. 28, 2020) ("Plaintiffs wholly fail to address any of these arguments in opposition and have therefore waived them.").

4849-0759-6481.v1

### 1.    Le Rivage Cannot Trigger the "Most Adequate Plaintiff" Presumption

First, Le Rivage **suffered no harm whatsoever** in all of the complaints filed against iQIYI, Inc. (other than its own complaint, which was filed hours before the statutory deadline expired).  Le Rivage is thus ineligible for appointment as lead plaintiff as it "was a complete 'in-and-out trader' – 'buying and selling into and out of the securities at issue during the class period' – and sold all its share[s] before the [April 7, 2020] disclosure." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 617 (S.D.N.Y. 2015) (citation omitted).

Second, courts routinely refuse to appoint movants who, like Le Rivage here, attempt to manipulate the size of their loss by filing an eleventh-hour complaint asserting a self-serving partial disclosure of the fraud. *See Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *4 (S.D.N.Y. Apr. 5, 2016) (recognizing that courts are "hesitant to encourage lead plaintiff movants to file complaints with additional disclosure allegations in the eleventh hour" and questioning such movant's ability to "'fairly and adequately protect the interest of the class'" given the "specter of gamesmanship") (citation omitted); *see also Villare v. ABIOMED, Inc.*, 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (denying movant's attempt to increase its alleged loss by expanding the class period "hours before the statutory sixty-day window closed" because such maneuvering demonstrated "a risk that the longer class period [was] a product of gamesmanship").

And third, the fact that Le Rivage's purported October 30, 2018 partial disclosure lacked any "'announcement [that iQIYI] had engaged in fraud as opposed to the later announcement'" renders Le Rivage an inadequate lead plaintiff because "if the district court later finds that the [October 30, 2018] announcement relating to projected revenues does not constitute a disclosure of fraud, none of [Le Rivage's] losses would qualify as proximately linked to the alleged fraud in this case." *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 240 (E.D.N.Y. 2011) (citation omitted).

- 3 -

4849-0759-6481.v1

Accordingly, Le Rivage cannot satisfy the Rule 23 typicality and adequacy requirements because it is subject to a host of unique defenses that have already become a focus of the litigation. *See* ECF Nos. 48 at 3-6 (Tranquil Bay arguing that Le Rivage's eleventh-hour gamesmanship demonstrates its inadequacy and that Le Rivage does not allege a plausible partial disclosure); 50 at 3-11 (Hershberger Group arguing that Le Rivage's gamesmanship is contrary to the PSLRA's purpose, that Le Rivage manufactured an implausible partial disclosure, and that Le Rivage possesses no recoverable loss under the operative complaint).

### 2.   The Hershberger Group Cannot Trigger the "Most Adequate Plaintiff" Presumption

The movant asserting the next largest combined loss, the Hershberger Group, cannot be appointed lead plaintiff because its submission confirms that the group – two individuals on opposite sides of the Atlantic Ocean represented by two separate law firms – was cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and, "based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). "[T]he [two] members of the [Hershberger] Group have submitted no evidence of how they came to be introduced to each other." *Galmi v. Teva Pharm. Indus. Ltd.*, 302 F. Supp. 3d 485, 495 (D. Conn. 2017); *see also* ECF No. 52 at 11-12. Indeed, not only is there no evidence to dispel the inference that counsel handpicked the individuals and formed the Hershberger Group, there is evidence supporting this inference. *See* ECF No. 52 at 13-14; *see also* ECF No. 25-3 (Mr. Hershberger's Certification, executed nearly two months before the Joint Declaration's execution, identifies The Rosen Law Firm P.A. as his only counsel of choice).

In sum, the Hershberger Group has failed to meet its burden to demonstrate that its formation was designed to accomplish something other than attaining the largest financial interest. *See*

- 4 -

*Nakamura v. BRF S.A.*, 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) (recognizing that a "proposed plaintiff group has the burden of showing that aggregation is appropriate"); *see also* ECF No. 48 at 8 (Tranquil Bay arguing that Hershberger Group is lawyer-driven and not cohesive).  Nor should the Court reformulate the Hershberger Group's motion and appoint any of its members separately, particularly since none of the members moved for appointment individually.  *See In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 n.4 (S.D.N.Y. 2015) (refusing to appoint group member with the largest individual alleged loss because it "at no time sought to serve as individual lead plaintiff"); *McDermid v. Inovio Pharm., Inc.*, 2020 WL 3288189, at *5 (E.D. Pa. June 18, 2020) ("Congress instructs courts to consider timely motions and select a lead plaintiff from among those movants. . . .  The Inovio Group 'decided to move together as a group. . . .' That group motion is the one before the Court, and the Court will not retroactively amend it . . . .") (citation omitted); *Tsirekidze*, 2008 WL 942273, at *4 ("The Farrukh Group moved for lead plaintiff as a group and will be evaluated as such.").

The Hershberger Group's motion should thus be denied.[3]

---

[3]   In its opposition, Tranquil Bay admitted that its sworn Certification was inaccurate, which forced Tranquil Bay to file an Amended Certification.  *See* ECF No. 48 at 1 n.1, ECF No. 49-1.  As this is Tranquil Bay's first and only submission in this case, it raises questions as to its adequacy, including with regard to the veracity of the remaining representations in its Certification, and supports denial of its motion.  *See Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff"); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144-45 (S.D.N.Y. 2007) (finding adequacy "sufficiently in doubt" to deny lead plaintiff status in light of submissions, including certifications, that contained questionable statements); *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007) ("Plaintiff's inadvertence or his indifference to the PSLRA's certification requirements demonstrates a lack of diligence and candor that . . . counsel against a finding of adequacy.").

- 5 -

## III.   CONCLUSION

Ms. Dominguez Moreno is the only movant that satisfies the PSLRA's lead plaintiff requirements and her motion is substantively unopposed.  By contrast, the remaining movants cannot trigger the PSLRA's most adequate plaintiff presumption because they suffer from a host of disqualifying defects.  Accordingly, each competing motion should be denied.

DATED:  July 6, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

_s/ David A. Rosenfeld_
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 6 -

4849-0759-6481.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 6, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4849-0759-6481.v1

# Mailing Information for a Case 1:20-cv-01830-LDH-JO Lee v. iQIYI, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Regina Marie Calcaterra**
  rcalcaterra@calcaterra.law

- **Robert Alexander Fumerton**
  robert.fumerton@skadden.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,klenahan@faruqilaw.com,dbehnke@faruqilaw.com

- **Michael Charles Griffin**
  michael.griffin@skadden.com

- **Matthew M Guiney**
  guiney@whafh.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Gregory B. Linkh**
  glinkh@glancylaw.com,greglinkh@gmail.com

- **Francis P. McConville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,kimmiller225@yahoo.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Jason A. Zweig**
  jasonz@hbsslaw.com,megano@hbsslaw.com,chi_filings@hbsslaw.com,sf_filings@hbsslaw.com,josephs@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)