**KAHN SWICK & FOTI, LLC**
Kim E. Miller (NY-6996)
250 Park Avenue, 7th Fl.
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Tranquil Bay, LLC*
*and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN LEE, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 20-CV-01830-LAH-JO ) |
| v. | ) ) Date of Service: July 6, 2020 ) |
| IQIYI, INC., YU GONG, and XIAODONG WANG, | ) ) ) |
| Defendants. | ) ) |

(related case caption continued below)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF TRANQUIL BAY, LLC TO BE APPOINTED LEAD PLAINTIFF TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL AND IN <u>OPPOSITION TO THE COMPETING MOTIONS</u>**

|  |  |
|---|---|
| LE RIVAGE LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>IQIYI, INC., YU GONG, and XIAODONG WANG,<br><br>      Defendants. | Case No. 20-CV-02653-LAH-JO |

## TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

   I.  LE RIVAGE ENJOYS NO PRESUMPTION AND IS INADEQUATE
      AND ATYPICAL ........................................................................................................ 2

   II.  THE HERSHBERGER/GEREIGE GROUP IS INADEQUATE
       AND ATYPICAL ....................................................................................................... 2

   III. MORENO DOES NOT POSSESS THE GREATEST FINANCIAL INTEREST
        IN THE LITIGATION AND THEREFORE ENJOYS NO PRESUMPTION ..................... 4

   IV. TRANQUIL BAY SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 5

CONCLUSION ....................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 336 (2005) ................................................................................................ 3

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................ 4

*In re Braskem*,
  No. 15-CV-5132 ,2015 U.S. Dist. LEXIS 119183 (S.D.N.Y. Sept. 8, 2015) ............................. 4

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ..................................................................... 5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................ 3

*Tellabs, Inc. v. Makor Issues & Rights*,
  551 U.S. 308 (2007 ................................................................................................ 2

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................. 4

**Rules**

FED. R. CIV. P. 23 ............................................................................................................ 1

**INTRODUCTION**

Of the ten movants and groups of movants that initially moved for appointment as Lead Plaintiff in this Action,[1] only four remain: (1) Tranquil Bay; (2) Le Rivage; (3) the Hershberger/Gereige Group; and (4) Ms. Domenquez Moreno. Of those four competing movants, Tranquil Bay is the only movant that possesses the greatest financial interest in the litigation while otherwise satisfying the adequacy and typicality requirements of FED. R. CIV. P. 23 ("Rule 23").

First, as detailed in Tranquil Bay's opposition (Dkt. No. 48), Le Rivage did not sustain any losses as a result of its transactions in iQIYI securities during the Class Period, but instead sought to manufacture losses by alleging an implausible partial corrective disclosure at the eleventh-hour. Le Rivage's gamesmanship demonstrates its inadequacy to represent the putative Class. Second, the Hershberger/Gereige Group is inadequate and atypical because it is a lawyer-driven group of unrelated investors with no pre-existing relationship; Hershberger sustained no *Dura* losses; and Gereige's surrender of his license to practice medicine in the State of Maryland undermines his credibility and integrity and raise unique defenses. Third, the only remaining competing movant, Ms. Domenguez Moreno, acknowledges Tranquil Bay sustained "larger approximate losses" and raises no challenges to Tranquil Bay's adequacy or typicality. Thus, for the foregoing reasons, Tranquil Bay respectfully suggests its motion for appointment as Lead Plaintiff and approval of its selection of KSF as Lead Counsel be granted.

---

[1] The related *Jenkins* Complaint, filed in the Northern District of California on April 27, 2020, was transferred to this District by the Honorable Judge Phyllis J. Hamilton on July 6, 2020.

1

## ARGUMENT

### I.   LE RIVAGE ENJOYS NO PRESUMPTION AND IS INADEQUATE AND ATYPICAL

Despite Le Rivage's assertions to the contrary, it is not the presumptive Lead Plaintiff, as it does not possess the greatest financial interest in the litigation. Le Rivage predictably ignores the fact that the entirety of its asserted loss is attributable to the implausible, additional partial disclosure it first alleged in a complaint filed just hours before the deadline for filing motions for appointment in this Action expired. Even if Le Rivage's purported loss was legitimate, however, any presumption in its favor is rebutted by the fact that it engaged in such gamesmanship in contravention of Congress's intent in enacting the PSLRA. For the myriad reasons articulated in Tranquil Bay's opposition, therefore, Le Rivage should not be appointed Lead Plaintiff.

### II.   THE HERSHBERGER/GEREIGE GROUP IS INADEQUATE AND ATYPICAL

Next, any presumption that may shift to the Hershberger/Gereige Group is rebutted because: (1) it is in an improper, lawyer-driven group of unrelated investors; (2) Hershberger did not sustain any recoverable losses under *Dura*; and (3) Gereige's credibility and integrity have been called into question very recently in connection with a material misrepresentation that resulted in the surrender of his medical license. While Hershberger and Gereige take great pains to avoid describing their association as a group of unrelated investors, their Joint Declaration nevertheless reveals the facts that they enjoyed no pre-existing relationship and were introduced to each other through their counsel. *See* Dkt. No. 25-6. Such groups contravene the PSLRA's stated goal of curbing 'lawyer-driven litigation' and would place this Action in the hands of investors that would not competently oversee their counsel, thus rendering the Hershberger/Gereige Group inadequate and aytpical. *See Tellabs, Inc. v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007).

2

When considered individually, moreover, neither Hershberger nor Gereige are qualified to represent the putative Class.

Despite the fact that the Hershberger/Gereige Group rightfully takes Le Rivage to task for including in-and-out losses in its calculation of losses contrary to the Supreme Court's holding in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005), *see* Hershberger/Gereige Opp. Br. (Dkt. No. 50) at 9-11, it nevertheless conveniently ignores the fact that one of its unrelated members, Hershberger, likewise suffered no *Dura* losses. *See* Tranquil Bay Opp. Br. (Dkt. No. 48) at 9. In effort to assist the Court in evaluating the competing movants' asserted losses, Tranquil Bay submitted a Conformed Loss chart reflecting Hershberger's actual losses. *See* Suppl. Miller Decl., Ex. C (Dkt. No. 49-3) at 5-7. As evidenced therein, Hershberger actually *gained* approximately $1,864.12 by selling iQIYI ADSs and call options during the Class Period. *Id.* Thus, the entirety of the Hershberger/Gereige's loss is attributable solely to Gereige.

As detailed in Tranquil Bay's opposition, however, the circumstances surrounding Gereige's March 1, 2019 surrender of his license to practice medicine in the State of Maryland render him inadequate and atypical. Specifically, Gereige misrepresented to the Maryland State Board of Physicians that he had completed the Criminal History Records Check ("CHRC") when completing his 2018 license renewal application. In order to avoid "the issuance of charges and prosecution of the aforementioned allegations," Gereige instead opted to surrender his medical license. *See* Suppl. Miller Decl., Ex. D (Dkt. No. 49-4). Because "honesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 416 (S.D.N.Y. 2004), Gereige's recent, serious misrepresentations to the Maryland State Board of Physicians clearly impute his adequacy to serve as a representative of the putative Class.

3

### III.    MORENO DOES NOT POSSESS THE GREATEST FINANCIAL INTEREST IN THE LITIGATION AND THEREFORE ENJOYS NO PRESUMPTION

While Ms. Domenguez Moreno ("Moreno") correctly identifies why neither Le Rivage nor the Hershberger/Gereige Group should be appointed Lead Plaintiff, *see* Moreno Opp. Br. (Dkt. No. 52) at 4-15, she then incorrectly concludes she should be appointed Lead Plaintiff because she "has the greatest financial interest in the relief sought by the class…." Dkt. No. 52 at 16. Moreno's assertion that, "by purchasing more shares and net shares as well as expending more net funds on her iQIYI investment during the Class Period than any of the above-referenced movants," Dkt. No. 52 at 17, she possesses the greatest financial interest in the litigation, is wholly unsupported by prevailing precedent in this Circuit. While courts may consider the number of shares purchased, the number of net shares purchased, and the total net funds expended during the class period, by far the most important metric in determining financial interest is the 'approximate loss suffered'. *See, e.g.*, *In re Braskem*, No. 15-CV-5132 ,2015 U.S. Dist. LEXIS 119183, at *4 (S.D.N.Y. Sept. 8, 2015) ("Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[I]n determining the largest financial interest, 'most courts simply determine which potential lead plaintiff has suffered the greatest total losses.'"). Thus, because Moreno concedes she suffered less than $400,000 in losses, *see* Dkt. No. 52 at 17, and does not controvert Tranquil Bay's loss of $556,130.48, she effectively forfeits her own argument. Because Moreno does not possess a greater financial interest in the litigation, of course, no she enjoys no presumption.

Finally, Moreno's substantial sale of 60,000 ADSs on June 21, 2018 underscores why approximate loss – and more specifically, approximate loss calculated on a 'Last-In, First-Out' basis – is the appropriate measure of financial interest in this Circuit. None of Moreno's total

4

purchases, net purchases, or total funds expended capture the fact that she enjoyed a profit of approximately $988,834.33 by selling 60,000 ADSs while they were artificially inflated at $38.99/ADS due to Defendants' materially false and misleading statements and omissions during the Class Period. *See, e.g.*, *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) ("LIFO, unlike FIFO, takes into account any gains that plaintiffs may have realized during the class period through sales of stock when the price allegedly was inflated.").

## IV.   TRANQUIL BAY SHOULD BE APPOINTED LEAD PLAINTIFF

Finally, each of Le Rivage, the Hershberger/Gereige Group, and Moreno's oppositions are conspicuously silent as to Tranquil Bay's adequacy and typicality. The explanation is simple: Tranquil Bay's adequacy and typicality cannot be rebutted. As detailed in Tranquil Bay's opposition, Tranquil Bay is the movant with the greatest financial interest who otherwise satisfies the Requirements of Rule 23, and thus is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Because no competing movant has rebutted the presumption in favor of Tranquil Bay, it should be appointed Lead Plaintiff.

## <u>CONCLUSION</u>

For the foregoing reasons, Tranquil Bay respectfully requests the Court appoint it Lead Plaintiff, approve its selection of KSF as Lead Counsel for the Class, and deny all competing motions for appointment. Tranquil Bay does not oppose Le Rivage's motion for consolidation of related actions.

DATED: July 6, 2020                          Respectfully submitted,

                                                      **KAHN SWICK & FOTI, LLC**

                                                      */s/ Kim E. Miller*
                                                      Kim E. Miller (NY-6996)
                                                      250 Park Avenue, Suite 2040
                                                      New York, NY 10177

Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Lead Plaintiff Movant Tranquil Bay,
LLC and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing via U.S. first-class mail to any non-CM/ECF participants.

*/s/ Kim E. Miller*
Kim E. Miller

6