UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEAN LEE, et al.,                                            MEMORANDUM
                       Plaintiffs,                AND ORDER
           - against -
IQIYI, INC., et al.,                                         20-CV-1830 (LDH) (JO)
                       Defendants.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

      Four candidates seek to be appointed as lead plaintiffs in this putative class action alleging violations of the Securities Exchange Act: Le Rivage, LLC ("Le Rivage"); a group comprised of Robert J. Gereige, M.D. and Ronald L. Hershberger (respectively, "Gereige" and "Hershberger" or, collectively, "G&H"); Tranquil Bay, LLC ("Tranquil Bay"); and Laura Maria Dominquez Moreno on behalf of Coliving Costa Blanca and Sociedad Limitada ("Moreno"). *See* Docket Entry ("DE") 10 (Tranquil Bay's motion); DE 25 (G&H's motion); DE 26 (Moreno's motion); DE 33 (Le Rivage's motion); 15 U.S.C. § 78(a), *et seq.*[1] For the reasons discussed below, I conclude that the G&H plaintiffs are the "most adequate" for purposes of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); I therefore grant their motion and deny the others.

---

[1] Other parties, after similarly seeking appointment as lead counsel, ultimately filed notices of non-opposition (or, in the case of Jean Lee, a request to strike the motion) as summarized in the following table:

| Candidate for leadership | Motion | Notice of non-opposition |
|---|---|---|
| Chiha and Shah Family Group | DE 13 | DE 44 |
| Dae Kim | DE 16 | DE 45 |
| Glenn Wenger, et al. | DE 19 | DE 46 |
| Jean Lee | DE 22 | DE 41 (request to strike) |
| Hun Truong | DE 29 | DE 43 |
| Wing Yu Chan | DE 32 | DE 42 |
| Sugumar Ariathurai | DE 37 | DE 51 |

I assume the reader's familiarity with the history of this litigation. The PSLRA requires the court to appoint the "most adequate plaintiff" as the lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). It further presumes that the plaintiff who either files the complaint or a motion in response to a notice, has the largest financial interest in the case, and meets the usual requirements to represent a class is the "most adequate" – although a showing that a candidate will not fairly and adequately protect class interests or is subject to unique defenses that undermine the ability to represent the class will rebut that presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), (II)(aa)-(bb); *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *2 (S.D.N.Y. Apr. 5, 2016); Fed. R. Civ. P. 23(a).

Each of the four current leadership candidates filed a timely motion in response to a notice. *See* DE 11 at 6; DE 25-1 at 10; DE 27 at 4; DE 35 at 6.[2] There is no dispute that Le Rivage claims the largest financial loss, followed in turn by G&H, Tranquil Bay, and Moreno, in that order. *See* DE 48 at 6-11; DE 50 at 9-15; DE 54 at 7; DE 57 at 6-8; DE 58 at 5-8. However, as explained below, I conclude that Le Rivage's claimed losses do not suffice to make it the most adequate leadership candidate.

The class claims before the court turn on allegedly fraudulent conduct by defendant iQIYI, Inc. ("iQIYI"). The operative pleading in this action alleges that

> On April 7, 2020, during market hours, Wolfpack Research released a report ("the Report") detailing, among other things, how IQIYI had misled investors and failed to disclose pertinent information generally and in its Registration Statement, including: (i) iQIYI overstating its user numbers; (ii) iQIYI inflating its revenues; (iii) iQIYI inflating expenses and prices of assets to conceal its revenue inflation; and (iv) iQIYI misleading financial reporting creating the appearance of a cash generative company.

DE 1 (Complaint) ¶ 35.

---

[2] Where a cited document lacks consecutive page numbers, I refer to the page numbers assigned by the court's electronic docketing system.

All of the leadership candidates except Le Rivage assert that they suffered losses after, and because of, the Report's disclosure of iQIYI's allegedly fraudulent conduct. *See id.* at ¶¶ 35-42; DE 12-2 (Tranquil Bay's loss chart); DE 25-1 at 8 (G&H's Memorandum); DE 27 at 5 (Moreno's Memorandum). Le Rivage does not – and cannot – claim any such loss: by the time of the Report, Le Rivage had long since liquidated its holdings in iQIYI. Instead, Le Rivage asserts that it incurred cognizable losses in the following way. First, On October 30, 2018 – over 18 months before the Report was issued – iQIYI stated that it had "'cleaned up some not so healthy advertisements on the in-feed side' by 'let[ting] go' of customers who lacked 'documents to prove they are qualified advertisers.'" *Le Rivage LLC v. iQIYI, Inc., et al.*, 20-CV-2653 (LDH), DE 1 (Le Rivage Complaint) ¶ 3. Second, iQIYI's share price fell almost 12 percent the day after its statement. *Id.* ¶ 4. Third, over a period from November 30 through December 18, 2018, Le Rivage sold all of its iQIYI shares at a loss. *See* DE 39-3 (Le Rivage's loss chart).

Whatever the plausibility of Le Rivage's attempt to characterize its losses as flowing from its relatively unique purported ability to detect and respond to iQIYI's fraud over a year before the release of the Wolfpack Report, I conclude that its loss theory renders its claims so atypical as to preclude leadership of the putative class. Le Rivage's claims, unlike those of the other leadership candidates and the class as a whole, rely on a theory that iQIYI's alleged fraud was apparent, and caused shareholder losses, well before the Wolfpack Report. That may subject Le Rivage to uniquely applicable defense arguments and even undermine the claims of other class members who did not sell their iQIYI shares earlier. As a result, I conclude that Le Rivage is not the most adequate candidate to serve as lead counsel. *See, e.g.*, *Maliarov*, 2016 WL 1367246, at *4 (finding unique defenses that rendered a movant incapable of adequately representing a class where they, "unlike other movants, would be completely barred from recovery if no earlier disclosure date is

3

established") (citing *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 617-18 (S.D.N.Y. 2015); *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007)).

The candidate with the next highest claimed loss, and therefore the one presumptively most adequate, is G&H. No party contends, and nothing in the records suggests, that G&H's losses are atypical, and the record confirms that G&H retained a significant amount of iQIYI shares through the end of the class period. *See generally* DE 48 at 11-14; DE 52 at 15-20; *see also* DE 25-4 (G&H's loss analysis).[3] Instead, the other candidates argue that G&H is not adequate because it is a lawyer-driven group; because some of Hershberger's losses improperly derive from "in-and-out" transactions for which he cannot recover, *see Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005); that the group cannot properly coordinate because Gereige and Hershberger reside on different continents; and that Gereige lacks sufficient credibility to be an adequate class leader. As explained below, none of these arguments has sufficient merit to rebut the presumption favoring G&H.

The contention that G&H is an improperly opportunistic, lawyer-created group rests solely on Moreno's anecdotal conjecture that the pairing Gereige's losses with Hershberger's was necessary to overcome Moreno's initial – and incorrect – estimate of her own losses. *See* DE 52 at 7-8. In fact, Gereige's claimed losses alone outstrip those of any other remaining candidate. That fact similarly disposes of the concern about Hershberger's "in-and-out" losses: Gereige would be presumed to be the most adequate candidate for lead plaintiff on his own and does not become less fit for the role simply because of his alliance with Hershberger. Moreover, even excluding the purportedly ineligible losses, Hershberger retained nearly 20,000 iQIYI shares at the close of the class period; his claims

---

[3] Tranquil Bay does include an argument heading in its reply brief that characterizes G&H as "atypical" but the corresponding argument, which I address below, does not contend that G&H suffered atypical losses. *See* DE 58 at 6-7.

are therefore not likely to be resolved on the basis of a defense premised on his "in-and-out" transactions. *See, e.g., Maliarov*, 2016 WL 1367246, at *4 (rejecting challenge to leadership candidate based on "in-and-out" trading where that theory would not support a complete defense to the candidate's claims). The concern that the physical distance between Gereige and Hershberger undermines their ability to provide leadership improperly ignores the reality and ubiquitous use of modern communications technologies. Finally, Tranquil Bay's *ad hominem* attacks on Gereige's credibility scarcely warrant any attention at all, but to complete the record I note that they do nothing to prove that Gereige will be unable to serve effectively as a co-lead plaintiff. *See* DE 54 at 9-10; DE 56-1 at ¶¶ 1-8.

I therefore conclude that the G&H group is presumptively the most adequate candidate to serve as lead plaintiff and that nothing in the record suffices to rebut that presumption. Accordingly, I appoint the G&H group as lead plaintiff. I also approve that group's choice of Labaton Sucharow LLP and the Rosen Law Firm to serve as co-lead counsel. *See* DE 25; *Topping*, 95 F. Supp. 3d at 623 (recognizing "a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel").

For the reasons set forth above, I grant the motion of Robert J. Gereige, M.D. and Ronald L. Hershberger to be appointed lead plaintiffs and to appoint lead counsel and deny the all competing motions for similar relief filed by other parties.

SO ORDERED.

Dated: Brooklyn, New York
October 20, 2020

                                                                             /s/
                                                     James Orenstein
                                                     U.S. Magistrate Judge