UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
LEE,                                 : 20-cv-01830-DG-SJB
                    Plaintiff,       :
                                     :
    - versus -                       : U.S. Courthouse
                                     : Brooklyn, New York
                                     :
                                     :
iQIYI, INC., et al,                  : April 28, 2021
                    Defendants       : AM
------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE DIANE GUJARATI
UNITED STATES MAGISTRATE JUDGE

A    P    P    E    A    R    A    N    C    E    S:


**For the Plaintiff**:              **Gregory B. Linkh, Esq.**
                                    **Charles H. Linehan, Esq.**
                                    Casey E. Sadler, Esq.
                                    Glancy Prongay & Murray LLP
                                    230 Park Avenue
                                    Suite 530
                                    New York, NY 10169

                                    **James T Christie, Esq.**
                                    **Francis McConville, Esq.**
                                    Labaton Sucharow LLP
                                    140 Broadway
                                    New York, NY 10005


                                    **Lawrence Rosen, Esq.**
                                    **Jing Chen, Esq.**
                                    **Daniel Tyre-Karp, Esq.**
                                    The Rosen Law Firm
                                    275 Madison Avenue
                                    40th Floor
                                    New York, NY 10016

**For the Defendant**:              **Scott D. Musoff, Esq.**
                                    **Michael Griffin, Esq.**
                                    Skadden, Arps, Slate, Meagher
                                    & Flom LLP
                                    One Manhattan West
                                    New York, NY 10001-8602

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


APPEARANCES (CONT'D:)


**Underwriter Defendants**:    **Jonathan Rosenberg, Esq.**
                               **William Sushon, Esq.**
                               O'Melveny & Meyers LLP
                               7 Times Square
                               New York, NY 10036


**Transcription Service**:    **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

3

Proceedings

THE CLERK: Civil Cause for Premotion Conference in docket number 20-cv-1830, Lee v. iQIYI, Inc. et al.

Before asking the parties to state their appearances, I would like to note the following.  Persons granted remote access to proceedings are reminded of the general prohibition against photocopying, recording and rebroadcasting of court proceedings.

A violation of these prohibitions may result in sanctions including removal of court-issued reader credentials, restricted entry to future hearings, denial of entry to future hearings or any other sanctions deemed necessary by the Court.

Counsel, please state your appearances for the record, starting with the plaintiff.

MR. ROSEN:  This is Greg Linkh from Glancy Prongay & Murray for plaintiff and I am also -- I'm waiting for a gentleman names Charles Linehan and I'm not sure if he is on the phone yet.

MR. CHRISTIE:  Good morning.

From Labaton Sucharow this is James Christie on behalf of lead plaintiffs.

MR. MCCONVILLE:  Good morning, your Honor.

It's also Francis McConville from Labaton Sucharow on behalf of lead plaintiffs.

MR. ROSEN:  Also this is Lawrence Rosen from

4
Proceedings

the Rosen Law firm for lead plaintiffs.

MS. CHENG:  Good morning, your Honor.

My name is Jing Chen, also from The Rosen Law Firm, representing lead plaintiffs.

MR. TYRE-KARP: And you also have Daniel Tyre-Karp from The Rosen Law Firm representing lead plaintiffs.  Thank you.

THE COURT:  Good morning, all.  Who do we have from the defendants?

MR. MUSOFF:  Good morning, your Honor.

This is Scott Musoff and Michael Griffin for the iQIYI defendants and Mr. Griffin will be taking the lead this morning.

MR. GRIFFIN:  Good morning, your Honor.

THE COURT:  Thank you.  Tell me how you would like your client's name to be pronounced or referred to?  What's --

MR. MUSOFF:  It's probably easiest for people to refer to it as "IQ" --

THE COURT:  Okay.

MR. MUSOFF:  -- but it's pronounced [EYE-CHEE-YEE] but for the court reporter and others, I think IQ is sufficient.

THE COURT:  Okay.  Thank you.

MR. MUSOFF:  Thank you, your Honor.

5

Proceedings

MR. SADLER:  And your Honor this is Casey Sadler, Glancy Prongay & Murray on behalf of lead plaintiff movant, Le Rivage, LLC, who objected to the original lead plaintiff determination.

THE COURT:  And do we have anyone from the underwriter defendants?

MR. ROSENBERG:  Yes, your Honor, good morning.

Jonathan Rosenberg and Bill Sushon from O'Melveny & Myers for the underwriter defendants.

THE COURT:  Okay.  Thank you, all.  Is there anybody else that we have that is going to be speaking or that I should know is on the line?  Okay.  Sounds like not.

We're convening this morning on a couple of items here. Before me are the pending motions by Le Rivage, the objections to Magistrate Judge Orenstein's order appointing the lead plaintiff and also his decision to deny the consolidation motion.  So that's one issue that is pending before me and then of course the others are the anticipated motions to dismiss by some of the defendants.

I want to take up the issue of consolidation first which again, you know, Judge Orenstein had denied the motion.  I don't know what the parties -- the defendant's positions are on consolidation and I'm

6

Proceedings

especially interested -- I'm interested in hearing all the defendant's positions but I'm especially interested in hearing the underwriting defendant's position because I don't think there has been any position taken by the underwriting defendants.  So I am not sure who wants to start, whether it's Mr. Griffin or Mr. Rosenberg or Sushon but I'd like to hear the views on consolidation.

MR. GRIFFIN:  Good morning, your Honor.  This is Mr. Griffin for the IQ defendant.

Defendants support either the consolidation or the dismissal of the other two actions, the Jenkins and the Le Rivage action.  It's our position that there should only be one case proceeding for these claims.

THE COURT:  Okay.  And do you know what?  Let me make sure that I am being very clear with everybody, that we're all on the same page here when I'm talking about consolidation, I'm talking about consolidating potentially the Lee, the Le Rivage and the Jenkins cases which are docket numbers 20-cv-1830, 20-cv-2653 and 20-cv-3068 respectively.

Thank you, Mr. Griffin.  Who else would like to be heard on their position on consolidation?

MR. ROSENBERG:  Your Honor, Jonathan Rosenberg for the underwriter defendants.

We agree with Mr. Griffin's position.

Transcriptions Plus II, Inc.

7

Proceedings

THE COURT:  Okay.  So there is not an opposition to consolidating.  I know, of course, there is an opposition still to the designation of the lead plaintiff.  I am going to be issuing a decision shortly. I'm not going to be ruling on that right now but let's assume for purposes of going forward now that that lead plaintiff determination or the lead plaintiff's determination will stand.

Let me then ask counsel for -- and I guess there's a few on the phone -- but counsel for -- and tell me how to pronounce this please, is it Gereige and Hershberger?

UNIDENTIFIED SPEAKER:  Yes, your Honor.

THE COURT:  Okay.  If the case is consolidated, in light of it or even if not but in light of the premotion letters that you've deemed and the potential consolidation, do you intend to amend?

UNIDENTIFIED SPEAKER:  Your Honor, the only -- we don't have any substantive amendment.  The only issue which we outlined in our premotion letter or opposition to the defendant's premotion letter is that there was one allegation that attributed the source of certain balance sheet items, the deferred revenue items from the credit reports in the complaint.  It said that they were -- the source was Chinese SEIC (ph.) filings and after reading

Transcriptions Plus II, Inc.

8

Proceedings

the defendant's letter, we took another look and the credit reports actually say PRC Tax -- not tax -- PRC government filings. And so we would just maybe file an errata to show that it's - the source was not SEIC filings but PRC tax filings.

THE COURT: Okay.

UNIDENTIFIED SPEAKER: That's the only amendment that we would want to make and we could make that within a few days.

THE COURT: And if there is consolidation, if I decide to consolidate, would you intend to be filing a consolidated amended complaint?

UNIDENTIFIED SPEAKER: Yes, your Honor.

THE COURT: Okay. Let me turn then to -- the defendants have indicated that they intend to make motions to dismiss. I think the letters did a good job of explaining what the grounds would be and I think right now what I would want to do is just get more of a sense of how much time you think you might need to make those motions. Let me start with the IQ defendants.

MR. GRIFFIN: Yes, your Honor. This is Mr. Griffin for IQ.

We actually conferred with plaintiffs in advance of this and think that if something along the lines of 45 days for our motion, 45 days for an

Transcriptions Plus II, Inc.

Proceedings

9

opposition, 30 days for a reply makes sense here. Obviously, if plaintiffs are going to amend, that would be teed off of whatever we receive that amended complaint.

And on the issue that Mr. Rosen raised regarding amendment, we have no objection to them amending at this time to address the issue that Mr. Rosen raised. However, it's defendant's position that the amendment should occur now or not at all. We want to do the motion to dismiss briefing once on, you know, whatever the real complaint is and not be in a position where your Honor issues a decision and then plaintiffs are seeking leave to amend yet again.

THE COURT: Okay. Let me hear from plaintiffs in response.

MR. ROSEN: Your Honor, I think that the only amendment -- we would like to amend now to address that issue in the defendant's premotion letter about the source of the deferred revenue items in the credit reports and however if -- you know, depending upon how the Court rules on the motion to dismiss, there could very well be a basis to amend if a deficiency were found that were simply a matter of pleading a certain way.

So I think that it is not necessary to determine now whether or not a second amendment following

Proceedings

10

an order on a motion to dismiss might or might not be appropriate because we really don't know what the Court's order may be in the future and I don't think it's necessary to make a decision now as to whether or not there would or would not be a basis to amend in the future.

THE COURT:  Thank you.  Okay.  One question for the plaintiffs.  As to the defendants who have not yet answered, the individual and the underwriter defendants, what is the your intention in terms of going forward on your case?

MR. ROSEN:  I'm sorry, your Honor.  I didn't quite understand the question.

THE COURT:  All right.  Do you intend to pursue your case against those defendants who have not yet answered?

MR. ROSEN:  Oh, yes, your Honor.

THE COURT:  (Indiscernible).

MR. ROSEN:  We discussed just yesterday -- the defense counsel for the IQ defendants told us that our service of process through the Chinese Ministry of Justice was successful and they are going to represent these other defendants.

THE COURT:  Okay.

MR. ROSEN:  And so they will be responding for

11

Proceedings

those other defendants.  Now I don't know if that's every single one of the unserved defendants or the vast majority of them.  I didn't do the check their names off but I am pretty sure that should address all of the -- Ms. Jiang Chen might have a better handle on whether there's anyone unserved at this point.

MS. CHEN:  Yes, your Honor.  This is Jiang Chen from Rosen Law firm.

Defendants informed us that there were three individual defendants that haven't received service package via Hague Service Convention but we sent out all our Hague Service requests all together against all individual defendants on the same day.  I don't know why these three individual defendants haven't received them.  Maybe it's relating to how the Chinese government process it but I expect that they probably will receive them very soon.

THE COURT:  Thank you.  That's helpful.

MR. GRIFFIN:  Your Honor, this is Mr. Griffin. I can clarify for the record which defendants we have received service for and intend to represent and which have not, if that would be helpful.

THE COURT:  Yes, that would be helpful.  Thank you.

MR. GRIFFIN:  So it's our understanding that

12

Proceedings

defendants Gong, G-O-N-G, Wang, W-A-N-G, Li, L-I-, Yu, Y-U and Liang, L-I-A-N-G have received service of process through the Hague and those are the individual defendants by whom we have been retained and intend to respond in whatever motion papers we submit for the company as well.

And so that leaves the three defendants as Ms. Chen mentioned, defendant Lu, L-U-, defendant Ren, R-E-N, and defendant -- or excuse me, I didn't realize there were two defendant Wangs, defendant Chuan Wang, C-H-U-A-N W-A-N-G, we are not aware of having been served.

THE COURT:  Okay.  That's helpful.  Thank you.

Let me ask underwriter's counsel whether the schedule that was proposed, the 45 days, the 45 days and the 30 days, is acceptable to you as well.

MR. ROSENBERG:  Yes, your Honor.  This is Jonathan Rosenberg.  That works for us as well.

To clarify on service, the only underwriter defendants as we noted in footnote 1 in our letter that plaintiffs have served are Credit Suisse and Merrill Lynch.  For the other underwriter defendants, plaintiffs have either not served at all or served the wrong agent. For example, with respect to UBS, the service agent they served was Corporation Trust Company, but that's not the proper agent and plaintiffs were notified of that.

So -- and at this point, the only served

Transcriptions Plus II, Inc.

13

Proceedings

defendants are Credit Suisse and Merrill Lynch.

THE COURT:  And let me go back to plaintiffs then, is it your intention to still pursue your case against UBS?

MR. ROSEN:  Yes, your Honor.  We do intend to pursue our case against UBS and the other underwriter defendants.  I think that to the extent they're in the United States where you know we have service -- we have attempted service or have served, to the extent they're outside the United States in China, I believe we have begun the process for the PRC Ministry of Justice or through the appropriate channels.  So when -- you know, if and when that is completed, we'll file the papers with the Court.

THE COURT:  Okay.  Thank you.  So what I think we need to do here is I need to get you the decision on the pending objection to Magistrate Judge Orenstein's decision, both on the lead plaintiff issue and on the consolidation which I understand now is not contested.  I will issue that decision, a written decision and then of course what will follow after that would be any amendment and then there would be motion practice after that and I would set schedules for that.

So I don't think we're going to be able to set any schedule today but I will get that decision out in

Transcriptions Plus II, Inc.

14

Proceedings

due course and then we can take it from there.

Is there anything else that anyone thinks we need to take up today?  If not, I'll get that order out.

UNIDENTIFIED SPEAKER:  Not from the iQ (indiscernible) --

UNIDENTIFIED SPEAKER:  Not from defendants, your Honor.

THE COURT:  Okay.  Hearing nothing else needs to be taken up now, I appreciate the counsel's answering my questions.  I think this is helpful and I will get the order out to you and then we will move forward.  We are adjourned for today.  Thank you all.

IN UNISON: Thank you, your Honor.

(Matter Concluded)

-o0o-

15

C E R T I F I C A T E


I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.


I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.


IN WITNESS WHEREOF, I hereunto set my hand this **29th** day of **April** 2021.


Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.