# Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST
NEW YORK, NY 10001
————
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

July 11, 2022

**VIA ECF**
The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE: *In re iQIYI, Inc. Securities Litigation*, 20-cv-1830 (DG) (TAM);
> *In re Baidu Inc. Securities Litigation*, 20-cv-3794 (WFK) (RLM)

Dear Judge Gujarati:

We represent Defendants iQIYI, Inc. ("iQIYI") and Baidu, Inc. ("Baidu"), among others, in the two above-referenced putative securities class actions. Pursuant to Local Civil Rule 1.6 and Rule 3(b) of the Rules for the Division of Business for the Eastern District of New York, we write to respectfully request that these actions be designated related and the *Baidu* action be reassigned to this Court. As explained below, both actions are in the pleading stage and assert substantially similar violations of the federal securities laws against both iQIYI and Baidu, among others, based on the same short seller report. We have conferred with Lead Plaintiffs, who take no position.

**Background.** These actions arise out of a short seller report regarding iQIYI, which is an online entertainment service often referred to as the "Netflix of China." Baidu, which operates China's leading search engine, is iQIYI's parent company and controlling shareholder. Baidu reports iQIYI's financial and operational results along with its own. Both iQIYI and Baidu are publicly listed on the NASDAQ. In April 2020, short seller Wolfpack Research issued a report accusing iQIYI of misrepresenting certain financial and operational results (the "Wolfpack Report").

Hon. Diane Gujarati
July 11, 2022
Page 2

**The *iQIYI* action.**  Following the Wolfpack Report, on April 16, 2020, purported iQIYI shareholders commenced a putative securities class action against iQIYI, its chief executive officer ("CEO") and chief financial officer ("CFO").  The case was originally assigned to the Honorable LaShann DeArcy Hall before being reassigned to this Court.  On June 1, 2021, the court-appointed lead plaintiffs Robert J. Gereige, M.D. and Ronald L. Hershberger (the "*iQIYI* Lead Plaintiffs") filed their operative Amended Consolidated Class Action Complaint (the "*iQIYI* Amended Complaint," enclosed herewith as **Exhibit 1**).  (Dkt. 20-cv-1830, ECF No. 104.)  The *iQIYI* Amended Complaint added as defendants: Baidu, iQIYI's directors at the time of its initial public offering ("IPO") and the banks that served as underwriters for the IPO.  It asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933 on behalf of a putative class of iQIYI shareholders.  The gravamen of the claims is that certain of iQIYI's reported financial and operational results were false and/or misleading for the reasons alleged in the Wolfpack Report.  Defendants' motion to dismiss the *iQIYI* Amended Complaint for failure to state a claim was fully briefed as of September 19, 2021, and is *sub judice*.  (Dkt. 20-cv-1830, ECF Nos. 130-142.)

**The *Baidu* action.**  Separately, on August 19, 2020, four months after the *iQIYI* action, purported Baidu shareholders commenced a putative securities class action against Baidu and its CEO and CFO.  The case was originally assigned to the Honorable Roslynn R. Mauskaopf before being reassigned to the Honorable William F. Kuntz.  Recently, on June 22, 2022, the court-appointed lead plaintiffs Benjamin Paz Tchimino, Inveriones B Y J Limitada, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 (the "*Baidu* Lead Plaintiffs") filed their operative Consolidated Class Action Complaint (the "*Baidu* Amended Complaint," enclosed herewith as **Exhibit 2**).  (Dkt. 20-cv-3794, ECF 48.)  The *Baidu* Amended Complaint added iQIYI and its CEO and CFO as defendants.  It asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of a putative class of Baidu shareholders.  The gravamen of the claims is that certain of iQIYI's financial and operational results, which were also disclosed in Baidu's public filings, were false and/or misleading for the reasons alleged in the Wolfpack Report.  To date, only Baidu has been served; iQIYI and the five individual defendants have not yet been served.  Baidu's pre-motion letter concerning its anticipated motion to dismiss is currently due on July 22, 2022.

**The *iQIYI* and *Baidu* actions are related.**  Civil cases are "related" when, "because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same district and magistrate judge."  Rule 3(a) of the Rules for the Div. of Bus. for the E.D.N.Y.  That is the case here.  The Amended Complaints in the *iQIYI* and *Baidu* actions both challenge the same financial and operational results reported by iQIYI and Baidu based on the allegations in the Wolfpack Report and assert claims against largely the same defendants. The actions currently raise overlapping issues at the pleading stage—primarily whether either

Hon. Diane Gujarati
July 11, 2022
Page 3

complaint adequately alleges iQIYI's reported financial and operational results were false or misleading. It would be inefficient and risk inconsistent rulings if two judges have to decide that question and other overlapping issues.[1] Thus, a substantial saving of judicial resources is likely to result from assigning both cases to the same district and magistrate judge. Because the *iQIYI* action currently pending before this Court has a lower docket number, the *Baidu* action should be reassigned to this Court. *See* Rule 3(c) of the Rules for the Div. of Bus. For the E.D.N.Y.

                                      Respectfully,

                                      /s/ Robert A. Fumerton

                                      Robert A. Fumerton

Encls.

cc:    Hon. William F. Kuntz, U.S.D.J. (via ECF)
        All counsel of record (via ECF)

---

[1] Notwithstanding the substantial overlap, there are additional independent grounds for dismissing the *Baidu* action. Defendants reserve all rights and defenses in connection with the *Baidu* action, regardless of the outcome of the pending motion to dismiss the *iQIYI* action.