UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE: iQIYI INC. SECURITIES                         :
LITIGATION                                           :   20-cv-1830 (DG) (TAM)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE: BAIDU INC. SECURITIES                         :
LITIGATION                                           :   20-cv-3794 (DG) (TAM)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER REGARDING
COORDINATED MOTION TO DISMISS BRIEFING**

**WHEREAS**, the above-referenced action captioned *In re: iQIYI Inc. Securities Litigation*, No. 20-cv-1830 (the "*iQIYI* Action"), is a putative securities class action commenced by purported shareholders of iQIYI Inc. (the "*iQIYI* Plaintiffs");

**WHEREAS,** the *iQIYI* Amended Complaint (*iQIYI* ECF No. 104) asserts claims (i) under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against iQIYI, its chief executive officer ("CEO") and its chief financial officer ("CFO"); and (ii) under Sections 11 and 15 of the Securities Act of 1933 against iQIYI, its board of directors at the time of its initial public offering ("IPO"), its IPO underwriters, and its parent company, Baidu Inc. (collectively, the "*iQIYI* Defendants");

**WHEREAS**, the above-referenced action captioned *In re: Baidu Inc. Securities Litigation*, No. 20-cv-3794 (the "*Baidu* Action"), is a putative securities class action commenced by purported shareholders of Baidu Inc. (the "*Baidu* Plaintiffs");

**WHEREAS**, the *Baidu* Amended Complaint (*Baidu* ECF No. 48) asserts claims under Sections 10(b) and 20(a) against Baidu, iQIYI, and their respective CEOs and CFOs (as well as one of Baidu's former CFOs) (collectively, the "*Baidu* Defendants");

**WHEREAS**, on September 29, 2021, the *iQIYI* Defendants moved to dismiss the *iQIYI* Action for failure to state a claim (*iQIYI* ECF Nos. 130, 133, 135, 136);

**WHEREAS**, on July 14, 2022, while the *iQIYI* Defendants' motions to dismiss were pending, the *Baidu* Action was reassigned to this Court as related to the *iQIYI* Action (*Baidu* Text Order dated July 14, 2022);

**WHEREAS**, on July 27, 2022, at the Court's request, the parties submitted letters regarding potential coordination or consolidation of the *iQIYI* Action and *Baidu* Action (*iQIYI* ECF Nos. 150-51; *Baidu* ECF Nos. 52-53);

**WHEREAS**, on August 18, 2022, the Court held a telephonic conference with the parties in both actions regarding potential coordination or consolidation, and ordered the *iQIYI* Defendants' motions to dismiss to be held abeyance pending a determination on consolidation and/or coordination (*iQIYI* ECF No. 152);

**WHEREAS**, on September 6, 2022, the Court issued an Order stating:

> Having considered the parties' arguments and submissions regarding the potential consolidation and/or coordination of the *Baidu* and *iQIYI* actions, and in light of the common questions of law and fact at issue in these actions, the parties are directed to jointly propose, by September 30, 2022, a schedule for the coordinated briefing of motion(s) to dismiss in these actions. The parties' joint proposal shall set forth any common issues to be briefed jointly and any case-specific issues to be briefed separately, with an explanation as to why any case-specific briefing is warranted with regard to the issues specified. In light of the anticipated coordinated briefing, the *iQIYI* Defendants' pending motions to dismiss, ECF Nos. 130 and 133 (*In re iQIYI, Inc. Securities Litigation*, 20-cv-1830), are terminated without prejudice to renewal.

**WHEREAS**, on September 30, 2022, the parties submitted a proposal for coordinated motion to dismiss briefing on common and case-specific issues, which the Court now adopts.

**IT IS HEREBY ORDERED** as follows:

1.  On or before **November 30, 2022**:

    a.  Defendants may file a joint motion to dismiss both the *iQIYI* Action and the *Baidu* Action for failure to allege any actionable misrepresentation or omission (the "Common Motion to Dismiss").

    b.  The *iQIYI* Defendants may file a joint motion to dismiss the *iQIYI* Action on any additional grounds not raised in the Common Motion to Dismiss (the "Additional *iQIYI* Motion to Dismiss").

    c.  The *Baidu* Defendants may file a joint motion to dismiss the *Baidu* Action on any additional grounds not raised in the Common Motion to Dismiss (the "Additional *Baidu* Motion to Dismiss").

    d.  All three motions combined may not exceed 65 pages total.  Defendants may allocate those pages among the three motions as they see fit.

2.  On or before **January 30, 2023**:

    a.  Plaintiffs may file a joint opposition to the Common Motion to Dismiss.

    b.  The *iQIYI* Plaintiffs may file a joint opposition to the Additional *iQIYI* Motion to Dismiss.

    c.  The *Baidu* Plaintiffs may file a joint opposition to the Additional *Baidu* Motion to Dismiss.

    d.  All three oppositions combined may not exceed 65 pages total.  Plaintiffs may allocate those pages among the three oppositions as they see fit.

3.  On or before **March 1, 2023**:

    a.  Defendants may file a joint reply in further support of their Common Motion to Dismiss.

    b.  The *iQIYI* Defendants may file a joint reply in further support of their Additional *iQIYI* Motion to Dismiss.

    c.  The *Baidu* Defendants may file a joint reply in further support of their Additional *Baidu* Motion to Dismiss.

3

d.  All three replies combined may not exceed 30 pages total.  Defendants may allocate those pages among the three replies as they see fit.

**IT IS SO ORDERED.**

Dated: _____, 2022          _____

HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE