# EXHIBIT 2

Case 1:20-cv-01830-DG-TAM    Document 168-2    Filed 03/03/23    Page 2 of 3 PageID #: 10758

Public Statement

# Statement on Investor Protection Related to Recent Developments in China



**Chair Gary Gensler**

**July 30, 2021**

Recently, the government of the People's Republic of China provided new guidance to and placed restrictions on China-based companies raising capital offshore, including through associated offshore shell companies. These developments include government-led cybersecurity reviews of certain companies raising capital through offshore entities.

This is relevant to U.S. investors. In a number of sectors in China, companies are not allowed to have foreign ownership and cannot directly list on exchanges outside of China. To raise money on such exchanges, many China-based operating companies are structured as Variable Interest Entities (VIEs).

In such an arrangement, a China-based operating company typically establishes an offshore shell company in another jurisdiction, such as the Cayman Islands, to issue stock to public shareholders. That shell company enters into service and other contracts with the China-based operating company, then issues shares on a foreign exchange, like the New York Stock Exchange. While the shell company has no equity ownership in the China-based operating company, for accounting purposes the shell company is able to consolidate the operating company into its financial statements.

For U.S. investors, this arrangement creates "exposure" to the China-based operating company, though only through a series of service contracts and other contracts. To be clear, though, neither the investors in the shell company's stock, nor the offshore shell company itself, has stock ownership in the China-based operating company. I worry that average investors may not realize that they hold stock in a shell company rather than a China-based operating company.

In light of the recent developments in China and the overall risks with the China-based VIE structure, I have asked staff to seek certain disclosures from offshore issuers associated with China-based operating companies before their registration statements will be declared effective. In particular, I have asked staff to ensure that these issuers prominently and clearly disclose:

- That investors are not buying shares of a China-based operating company but instead are buying shares of a shell company issuer that maintains service agreements with the associated operating company. Thus, the business description of the issuer should clearly distinguish the description of the shell company's management services from the description of the China-based operating company;

- That the China-based operating company, the shell company issuer, and investors face uncertainty about future actions by the government of China that could significantly affect the operating company's financial

Case 1:20-cv-01830-DG-TAM Document 163-2 Filed 03/03/23 Page 3 of 3 PageID #: 10759

performance and the enforceability of the contractual arrangements; and

- Detailed financial information, including quantitative metrics, so that investors can understand the financial relationship between the VIE and the issuer.

Additionally, for all China-based operating companies seeking to register securities with the SEC, either directly or through a shell company, I have asked staff to ensure that these issuers prominently and clearly disclose:

- Whether the operating company and the issuer, when applicable, received or were denied permission from Chinese authorities to list on U.S. exchanges; the risks that such approval could be denied or rescinded; and a duty to disclose if approval was rescinded; and

- That the Holding Foreign Companies Accountable Act, which requires that the Public Company Accounting Oversight Board (PCAOB) be permitted to inspect the issuer's public accounting firm within three years, may result in the delisting of the operating company in the future if the PCAOB is unable to inspect the firm.

In addition to this specific guidance, we will continue to hold all companies to the securities laws' high standards for complete and accurate disclosure.

Further, I also have asked staff to engage in targeted additional reviews of filings for companies with significant China-based operations.

I believe these changes will enhance the overall quality of disclosure in registration statements of offshore issuers that have affiliations with China-based operating companies. This work builds on the SEC's Division of Corporation Finance's previous guidance on disclosure considerations for companies based in or with significant operations in China.[1]

I believe such disclosures are crucial to informed investment decision-making and are at the heart of the SEC's mandate to protect investors in U.S. capital markets.

---

[1] See CF Disclosure Guidance: Topic No. 10, "Disclosure Considerations for China-Based Issuers" (Nov. 23, 2020), available at https://www.sec.gov/corpfin/disclosure-considerations-china-based-issuers.